### CENTRAL NAT. BANK v. PYEATT.

No. 14281—Opinion Filed Jan. 15, 1924.

**1. Bills and Notes—Defenses—Burden of Proof—Holders in Due Course.**

Where, in a suit upon a promissory note, the execution of the note relied upon is admitted, the defendant takes the burden of proving an affirmative defense such as failure of consideration; and where evidence offered upon the part of the defendant tends to establish the defense of failure of consideration, the burden thereafter rests upon the plaintiff, the assignee of the note, to show he or some person under whom he claims, is a holder in due course. (Section 7729, Comp. Stat. 1921).

**2 Same—Questions of Fact—Appeal.**

The defendant having answered plaintiff's suit upon a promissory note by a plea of failure of consideration, and having produced evidence tending to establish such defense, and plaintiff having offered evidence tending to prove that it is a holder of the note in due course, and defendant offers rebuttal evidence tending to prove that the note sued on was in the hands of the payee named in the note, or its representatives, after maturity, a question of fact is presented for the determination of the jury; and in the absence of prejudicial error upon the trial, the judgment entered upon a verdict for defendant will not be disturbed on appeal.

**3. Trial—Sufficiency of Instructions—Refusal of Requests.**

Where the instructions given by the court, when all considered together, fairly present the law applicable to the case, it is not prejudicial error to refuse to submit special instructions requested, particularly when the substance of the special instructions requested is embodied in the instructions given by the court.

**4. Affirmance of Judgment.**

Record examined, and held, that the instructions given by the court, taken as a whole, fairly present the law of the case; that the evidence is ample to support the verdict and judgment for the defendant; that the plaintiff was not denied any substantial right upon the trial; and that the judgment for the defendant should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by the Central National Bank of Junction City, Kansas, a corporation, against Alvin F. Pyeatt on a promissory note. Judgment for defendant. Plaintiff prosecutes appeal. Affirmed.

Blanton, Osborn & Curtis, for plaintiff in error.

Bowling & Farmer, for defendant in error.

Opinion by SHACKELFORD, C. The parties to this action will be referred to as plaintiff and defendant as they appeared in the trial court.

The plaintiff, the Central National Bank of Junction City, Kan., began this action on the 9th of June, 1917, by filing its petition in the district court of Garvin county seeking to recover from the defendant the amount due upon a promissory note originally given for the sum of $800, and made due and payable on the 9th of October, 1915, and bearing date of October 9, 1912, signed by Alvin F. Pyeatt; and also for foreclosure of a mortgage given upon certain lands to secure the payment of the said note, and executed by the said Alvin F. Pyeatt. These instruments had been executed and delivered to the American Trust Company, a corporation, and by it transferred to the plaintiff.

The defendant, Alvin F. Pyeatt, answered by general denial; and by specifically denying that the note and mortgage sued on had been assigned to the plaintiff in due course; or that plaintiff is now the owner of the instruments. Defendant affirmatively alleged that the note was given as part purchase money of a certain piece of land covered by the mortgage and which the payee named in the note had deeded to the defendant by warranty deed, and that the title had failed and the terms of the warranty broken, and a complete failure of consideration for which the note was given.

Plaintiff filed an amendment to its original petition in which it waives the lien claimed and asks for personal judgment upon the note.

The cause was tried to a jury on the 9th of October, 1922. It was decided that since the answer of the defendant was, in effect, an admission of the execution of the instruments, the burden was upon the defendant to establish the affirmative defense of failure of consideration. The defendant offered his evidence tending to prove that the consideration for which the note was given had completely failed. That it was given as and for the purchase money of a certain tract of Indian land of which the payee in the note, by and through its officers and agents, claimed to be the owner. That the payee had made him a warranty deed to the land; that subsequently he found that his grantor did not own the land, and that he was compelled to buy from the Indian allottee. The testimony was sufficient to warrant the conclusion that there was a total failure of consideration. The defendant then rested. The plaintiff thereupon introduced evidence tending to show that it was a holder of the instruments relied upon in due course, and plaintiff rested. The defendant thereupon offered evidence tending to show that successors to the payee's business were in possession of the note long after it was due and were negotiating with him for a settlement on the note with the understanding that among them they would find what it would take to buy the Indian out who claimed the title to the land, and deduct the amount from the note: but it was found that the Indian wanted as much as it would take to pay off the note. This was approximately a year after the note had fallen due. When no settlement could be made with the Indian short of paying as much as the note amounted to, the note was claimed by the plaintiff; that this was the first defendant ever heard of the plaintiff being the owner of the paper.

The court held that the evidence presented a question of fact for the jury. The jury returned a verdict for the defendant on which judgment was entered. The plaintiff prosecutes appeal and assigns many errors.

We have examined all the assignments of error, together with the record here presented. When the defendant had, in effect, admitted the execution of the instruments sued on, he then took the burden of establishing the defense by him pleaded, which was a total and complete failure of consideration for which the note was given. The evidence offered tended strongly to establish such defense; in fact, we do not find that the plaintiff makes any claim that there was not a total and complete failure of consideration. but in a way the fact is admitted. That being the state of the record, unless

proof was offered by plaintiff that it was a holder in due course of the instruments, sued on, the defendant would have been entitled to a direct verdict. The plaintiff took the burden of showing that it is a holder in due course. Section 7729, Comp. Stat. 1921, provides:

"Every holder is deemed prima facie to be a holder in due course but when it is shown that the title of any person who has negotiated the instrument was defective the burden is on the holder to prove he, or some person under whom he claims, acquired the title as a holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

The plaintiff's evidence tending to show it was a holder in due course, the rebuttal evidence offered upon the part of the defendant presented a question of fact. The verdict for the defendant is binding upon this court unless on examination of the record we find that there is no competent testimony presented reasonably tending to support the verdict. An examination of the record discloses that there was ample competent evidence to support the verdict. That being true the verdict of the jury and the judgment rendered thereon should not be disturbed on appeal unless prejudicial errors have been made denying the plaintiff some substantial right.

The sole complaint made by the plaintiff is based upon the refusal of the court to give certain requested instructions and in giving certain instructions objected to by plaintiff. We have carefully examined the instructions given by the court in the light of the criticism made by plaintiff. Part of the instructions merit criticism, but when all are read in their proper connection it is found that they fairly present the law applicable to the case. The court carefully told the jury that the instructions should be considered together as the law of the case. In Chicago, R. I. & P. Ry. Co. v. Owens, 78 Okla. 50, 186 Pac. 1092, this court said:

"All of the instructions should be considered together, and if, when considered as a whole, they state the law correctly and without conflict, it is sufficient, although one or more, standing alone, might be incomplete."

We have also given careful consideration to the instructions requested by the plaintiff and refused by the court. We think the substance of the requested instructions was covered by the court's instructions. The refusal to give the requested instructions was not error. Holmes v. Halstid, 76 Okla. 31, 183 Pac. 969; Oil Fields & Santa Fe R. Co. v. Treese Cotton Co., 78 Okla. 25, 187 Pac. 201.

The verdict and judgment thereon are supported by the evidence. The instructions by the court cover the law of the case. No substantial right has been denied plaintiff, and an examination of the record leads us to think that substantial justice has been done between the parties.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.