## MUTUAL OIL CO. v. ROACH.

No. 15251—Opinion Filed Jan. 26, 1926.

1. **Appeal and Error — Judgment Without Competent Evidence Reversed—Agency.**

If the verdict of the jury rests entirely on the statements and declarations of the agent, in the absence of his principal, as to his power to act and bind his principal in the proceedings involved in the suit, there is no competent testimony to support the judgment, and it will be reversed on appeal.

2. **Principal and Agent — When Principal not Bound—General Rule.**

A principal is not bound by the acts of an agent in excess of his special or limited authority.

3. **Disposition of Cause.**

The evidence does not support the judg-

ment on the theory of express or implied agency, or by ratification.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Mikel Roach against the Mutual Oil Company and another. Judgment for plaintiff, and defendant named appeals. Reversed and remanded.

P. Mounts and W. H. Hussey, for plaintiff in error.

Wilson & Roe, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Roach had judgment for $3,355 on verdict against Mutual Oil Company and one James B. McMahon for said sum as a balance due for grading for an oil pipe line and loading rack and hauling. It is not disputed that plaintiff did the work and that he had not been paid. The company contended that the work was not done for it, nor at its instance and request. The question is whether the judgment is sufficiently supported by competent evidence.

The court permitted plaintiff to testify that one William Quinn said he represented both defendants and said he employed plaintiff to do the work for them. Quinn was superintendent of construction of the grading. The pipe belonged to the oil company, which had shipped same to be used on the work. The court properly instructed the jury that such statement as to agency, alone, was not competent to bind the defendants, under the rule that statements and declarations of an agent, in the absence of the principal, were not sufficient to prove agency between principal and agent, or to establish the authority of such agency to act for the oil company, Skelly Oil Co. v. Pruitt & McCrory, 94 Okla. 232, 221 Pac. 709. The court further instructed the jury, in substance, that it could not consider the declarations and acts of Quinn and McMahon against defendant company, unless it first found by a fair preponderance of the testimony that they were acting for the company with its knowledge and consent, or the company knew they were presuming to so act and made no protest.

1. It is well settled that an implied agency may be established from words or conduct of the parties and circumstances of the particular case. The record shows that plaintiff was paid for the first half of the work by the checks of Quinn, drawn on his own account at the bank; that the defendant McMahon agreed with plaintiff on said balance sued for herein, and drew his, McMahon's, customer's draft upon the Mutual Oil Company, Kansas City, Mo., payable to plaintiff, for said balance, and delivered same to plaintiff, payment of which was refused by the company; that at the same time McMahon mailed to the company the itemized statements of plaintiff for the work, together with the said checks of Quinn, drawn on his account at the bank, which had been paid to plaintiff for the first half of the work. These transactions were only the acts of the alleged agent, McMahon, and standing alone, could no more bind the company than the statements of the alleged agent, McMahon.

2. Plaintiff also relies on the following as an admission of the company of the authority of Quinn and McMahon to bind the company. After plaintiff had attached the pipe as the property of both defendants in this action, the company sent one McMullen to procure the release of the attachment and to ship the pipe. This was done by McMullen by furnishing a redelivery bond for the company. There is no evidence that the authority of McMullen was other or greater than stated. His testimony and that of the president of the company, undisputed, specifically so limit his authority. Referring to this transaction, plaintiff testified:

"He said he understood I was to do the work at 50 cents a yard. * * * I explained to him what my contract was, and Quinn told him that 'the work was done cheap enough' and said 'cheaper than you and me figured on getting it done'."

McMullen denies making such statements. Assuming that he did make such statements and that they were of probative value, as claimed by plaintiff, the general rule that a principal is not bound by the acts of an agent in excess of his special or limited authority, is applicable. Bank of McAlester v. Middlebrooks, 115 Okla. 92, 241 Pac. 765. McMullen's authority was to do a specific act and he could not make an admission that would be binding upon his principal as to other matters of the transaction, not included in his authority. There is no implication from his statements that his principal, the defendant company, had employed plaintiff.

3. The main reliance of plaintiff to support the verdict and judgment is on the testimony of plaintiff that Mr. Williams, the president of defendant company, came upon the work when same was partially completed, and told plaintiff to go ahead, that they were in a hurry for the work and wanted to use it and would like to have the work done as soon as possible. Williams tes-

tified that the company was in the refining business and had a contract with defendant McMahon, whereby the latter was to construct the pipe line, the company selling the pipe to McMahon to be paid for thereafter for the use of the line in carrying oil from the McMahon well to the refinery of the defendant. His statement that the company was in a hurry for the work and wanted to use it, is as consistent with his theory of the contract with McMahon as it is with the theory of the plaintiff that Quinn was the company's agent. If A. engage B. to build a house on his, A.'s, land, and have an executory contract with C. to sell or rent the property to C. as soon as completed, C. might come to B. during the progress of the work and urge B. to hasten the completion because he, C., wanted to use the house. B. could not, on such statement alone, hold C. as his principal for the contract price of the work, on the theory that such statement was an express or implied authority of A. to employ B. for C. If A. claimed to have authority to employ B. for C. at the time of such employment, but was unauthorized so to do, and C. had full knowledge at the time he made such statement that B. was relying on such agency of A., as being authorized by C., then C. might ratify such unauthorized agency of A. by such statement. It is elementary that ratification must be with full knowledge of all the facts. There is no evidence that Williams, at the time he made such statements about wanting the work completed, knew that plaintiff claimed or believed that Quinn had employed plaintiff for the company. Wherefore, such statements of Williams could not constitute a ratification of an unauthorized agency of Quinn. Where it is not apparent from the facts and circumstances that there was an express or implied intention to create the relation of agency, it will not be held to exist. 2 C. J. 435, and notes. Said statements of Williams did not tend to establish an express or implied intention to constitute Quinn and McMahon, or either of them, the agents of the company for employing plaintiff; nor that there ever had been an express or implied intention so to do. Whether said statements of Williams tend to establish such agency by estoppel, we are not called upon to decide. The case was not tried and submitted on such theory.

Let the judgment be reversed, and the cause remanded for new trial.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 935 § 692; p. 954 § 726; 4 C. J. p. 856 § 2835; 22 C. J. p. 372 § 440. (2) 2 C. J. p. 560 § 202; p. 585 § 223; 21 R. C. L. p. 853. (3) 2 C. J. p. 954 §§ 726, 727.