## AMERICAN ·NAT. BANK v. DEMARAS.

### No. 21728.  Dec. 19, 1933.

W. A. Barnett and Minnie Dettweiler, for plaintiff in error.

Grant Gillespie, for defendant in error.

CULLISON, V. C. J.  The American National Bank of Beggs, Okla., a corporation, as plaintiff, filed suit against J. G. Demaras, defendant, seeking to recover the amount alleged to be due upon one certain installment note and mortgage given as security upon the property purchased and for which the note was given in payment thereof.  The record discloses that the Chesney Servel Company of Okmulgee, Okla., was owned and operated by Charles Chesney.  Said concern was engaged in the sale of electrical refrigeration devices and sold defendant an electrical water cooler for the amount of $327.25, which amount was represented by the note in question.  Chesney Servel Company received the note signed by defendant, indorsed the same in blank, and delivered said note to plaintiff.  According to the terms of said note, it was payable at plaintiff's banking house in Beggs, Okla. Plaintiff notified defendant in regard to the first installment becoming due upon said note, but received no payment thereon, and had never received any payment on said note at the time of filing suit. Defendant answered by general denial.  He also admitted the execution and delivery of the note sued upon, but alleged that the note was procured by fraud and misrepresentation, and that the same was known to plaintiff.

In the trial of said cause plaintiff offered in evidence the note and mortgage and rested.  Defendant was unable to show by testimony that plaintiff was not a bona fide purchaser and holder of said note for value before maturity and without notice.  Therefore defendant failed to substantiate the allegation of his answer.  However, defendant was permitted to testify and introduce certain exhibits, to wit, receipts received from the Chesney Servel Company over the objection of plaintiff.  Defendant did not plead payment or part payment as a defense in his answer.  The jury returned a verdict in favor of plaintiff and against defendant for the amount of the note and interest, less the amount of payments alleged to have been made by the defendant to the Chesney Servel Company.  From said judgment, plaintiff appeals.

Plaintiff contends that the court committed reversible error by permitting incompetent irrelevant, and prejudicial testimony to be received and considered by the jury.  Under said assignment plaintiff discusses the action of the court in permitting defendant to introduce certain matters of payment not pleaded in defendant's answer.

The rule is well settled in this jurisdiction that payment is a matter of defense and must be pleaded and proved by the person desiring to claim the same.  Ince Nursery Co. v. Sams, 73 Okla. 138, 177 P. 370; Reserve Loan Life Ins. Co. v. Simmons, 140 Okla. 212, 282 P. 279, and Eysenbach v. Robert W. Hunt Co., 140 Okla. 138, 282 P. 295.

Under the holdings of our court just cited, it becomes necessary that defendant plead in his answer the matter of payment before he would be entitled to introduce testimony showing payments made on said note.  Having failed to make such allegation in his answer, and plaintiff having objected to the introduction of said testimony, the trial court erred in permitting the introduction of the testimony and its consideration by the jury.  Said testimony should have been excluded and not permitted to go to the jury.

This eliminates the testimony of defendant relative to payment made on the indebtedness.

Plaintiff further contends that the court should have instructed a verdict for plaintiff at the conclusion of the evidence. In our consideration of this proposition, we observe that plaintiff was the owner and holder of the note sued upon, and that defendant pleaded and proved no valid defense against said written instrument. After eliminating the testimony relative to the alleged payments, there was no defense to plaintiff's cause of action. Plaintiff's motion for a directed verdict should have been sustained.

After a careful consideration of the record and authorities in said cause, we hold that the judgment of the trial court should be vacated and set aside, with directions to enter judgment for plaintiff for the amount of the face of said note sued upon and interest in accordance with the terms of said instrument.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.