### DAVIS v. HOLLAND et al.

No. 25866. April 6, 1937.

Rehearing Denied April 27, 1937.

Erwin & Erwin, for plaintiff in error.

John B. Logan, for defendant in error S. B. Logan, administrator of the estate of Edith Holland, deceased.

Courtland M. Feuquay, pro se.

PER CURIAM. For convenience, we shall refer to the parties as they appeared in the trial court. Edith Holland, as plaintiff, commenced this action in the district court of Lincoln county, against the defendant Bertha Davis for the recovery of personal judgment on a promissory note in the sum of $1,500, and interest at the rate of 10 per cent. per annum, and for foreclosure of a second real estate mortgage on 80 acres of land, securing the payment thereof. Plaintiff joined as defendants in said suit Courtland M. Feuquay and others, alleging that each of said defendants claimed some right, title, and interest in and to the lands described in said mortgage, and sought to quiet title against said parties.

The defendant Bertha Davis filed an unverified answer and cross-petition, in which she denied generally the allegations contained in plaintiff's petition, and affirmatively alleged therein that the transaction sued upon was usurious and void, for the reason that more than 10 per cent, per annum as interest on the loan of money was knowingly reserved, charged, taken, and received. She further alleged, alternatively, that the note and mortgage and a one-half interest in certain oil, gas, and other minerals, held in the name of the defendant Courtland M. Feuquay, were held as the property of the plaintiff, and that said Courtland M. Feuquay acted at all times in said transaction as agent of the plaintiff, or that said note, mortgage, and royalty are all the property of defendant Feuquay. Said defendant further alleged that the apparent division in ownership of said note and mortgage, and the mineral deed to Feuquay, was a part of a scheme or device to conceal the usurious interest charges made in said transaction.

Defendant Bertha Davis further alleged in her answer that defendant Feuquay acted as agent for the plaintiff to obtain the loan involved herein; that although said note provided for interest at the rate of 10 per cent. per annum, as an additional interest charge, plaintiff, through said Feuquay, demanded, exacted, reserved, and charged the sum of $1,000 by requiring the defendant Bertha Davis and her husband to execute and deliver to the defendant Feuquay a conveyance of an undivided one-half interest in oil, gas, and other minerals contained in and under the lands covered by said mortgage, which royalty interest was of the approximate value of $1,000, and that no consideration was given therefor. Defendant Bertha Davis further alleged that defendant Feuquay had also received one-half of the bonus money and annual rentals from an oil and gas lease on said land, which amounted to approximately $400, and that the aforesaid royalty interest had a value of not less than $2,000.

The defendant and cross-petitioner, Bertha Davis, asked that plaintiff be denied the recovery sought in her petition, and, as cross-petitioner, asked for a money judgment in the sum of $950 for an attorneys' fee of $350 and for a decree canceling and setting aside the note and mortgage sued on in plaintiff's petition, or in the alternative that the royalty deed held by the defendant Feuquay be canceled.

The defendant Feuquay filed a verified answer, admitting the allegations of plaintiff's petition, and alleged that, prior to the time said transaction was consummated, the defendants Bertha Davis and her husband, for a good and valuable consideration, executed and delivered to him a mineral deed covering an undivided one-half interest in and to the minerals in and under the lands covered by plaintiff's mortgage, and asked that the mortgaged property be sold, subject to his undivided one-half interest in said minerals. Both the plaintiff and the defendant Feuquay filed separate replies in the nature of general denials to the answer and cross-petition of the defendant.

Upon trial of the case to a jury, the plaintiff introduced the aforesaid note and mortgage and rested. The defendant Bertha Davis, in her own behalf, testified that she was the widow of William Davis; that she and said William Davis, during his lifetime, executed the note and mortgage held by the plaintiff. She further testified that she had dealt exclusively with the defendant Feuquay in obtaining the loan of money evidenced by the aforesaid instruments, and that, on the occasion that said note and mortgage were signed, she and her husband also executed a royalty deed to the defendant Feuquay, who advised them that said royalty deed was his bonus for "getting the loan through", and that said defendant Feuquay paid no money whatsoever therefor. Defendant Feuquay being called as a witness by the defendant Bertha Davis testified that plaintiff was his aunt; that he was not her general agent; that he acted as agent for the defendant Bertha Davis and her husband in procuring the loan involved herein for the purpose of "saving" them from being sold out under another mortgage foreclosure suit prosecuted on a mortgage held by the Guaranty Bank of Fallis. Although defendant Feuquay admitted that he had represented plaintiff in making certain collections for her on other investments, he testified positively that he did not represent the plaintiff, but represented only Bertha Davis and her husband in obtaining said loan. He further testified that he received no amount of money whatsoever from the plaintiff for his services in the transaction, and that the royalty deed conveyed to him was his compensation for services in representing the said borrowers; that he was the sole owner of the mineral rights evidenced by said royalty deed; that, at the request of Bertha Davis and her husband, he received and remitted the interest payments referred to in plaintiff's testimony, and also received and remitted interest due on the first mortgage on the land involved. He further testified that he made these collections and remittances for the sole purpose of maintaining the mortgages in good standing so that his royalty interest in the lands involved would not be prejudiced. He further testified that since his royalty interest was subject to the aforesaid mortgages, the royalty interest in said land was of doubtful value.

At the conclusion of all the testimony, the trial court sustained the separate demurrers of the plaintiff and the defendant Feuquay to the evidence of defendant Bertha Davis, and thereupon discharged the jury from further consideration of the cause and rendered judgment in favor of the plaintiff, in accordance with the prayer contained in her petition, and entered a decree quieting the title of the defendant Feuquay in and to the mineral rights evidenced by the aforesaid royalty deed. It is from this judgment that defendant appeals.

A careful examination of the evidence as hereinbefore summarized compels the conclusion that the court did not err in sustaining the separate demurrers of the plaintiff and the defendant Feuquay to the evidence of the defendant Bertha Davis and in rendering judgment accordingly. The testimony introduced by the defendant wholly fails to establish that the defendant Feuquay acted as the agent of the plaintiff, who made the loan involved herein. The evidence clearly establishes that the defendant Feuquay acted solely as the agent of the defendant Bertha Davis and her husband in procuring the loan from the plaintiff. There is no evidence in the record that defendant Feuquay was promised, or expected to or did receive, any compensation from plaintiff for his services in connection with the loan transaction, but, on the contrary, the defendant Bertha Davis admitted in her testimony that she and her husband conveyed the mineral interest to Feuquay as compensation for acting for them in procuring said loan.

Agency is a question of fact which must be proved, and in this case the burden was on the defendant Bertha Davis, who alleged that defendant Feuquay was the agent of plaintiff, to prove the fact alleged. The question of agency was denied under oath by both the plaintiff and the defendant Feuquay.

In the case of McDonald v. Strawn, 78 Okla. 271, 190 P. 558, we held that:

"The law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but its nature and extent, rests ordinarily upon the party who alleged it." Wrought Iron Range Co. v. Leach, 32 Okla. 706, 123 P. 419; Gast v. Barnes, 44 Okla. 107, 143 P. 856; Pierce Oil Corporation v. Myer, 117 Okla. 161, 245 P. 863; Mutual Oil Co. v. Roach, 116 Okla. 106, 243 P. 504.

The evidence wholly fails to establish any conspiracy or collusion between the plaintiff and the defendant Feuquay for the purpose of, or whereby usurious interest was to be charged. There is no evidence in the record even indicating that the plaintiff had

any knowledge of the royalty conveyance to Feuquay, or that he received any commission for negotiating said loan. Neither does the evidence show that plaintiff, who made the loan, charged, reserved, or received interest in excess of 10 per cent. per annum.

The burden of proving usury is upon the party alleging it, and it must be proved by a clear and satisfactory preponderance of the evidence. Ruby v. Warrior, 71 Okla. 82, 175 P. 355.

The record affirmatively shows without contradiction that plaintiff did not receive any interest in the mineral rights in the land involved under the royalty deed to Feuquay.

A recovery based upon charging, reserving, or receiving usurious interest requires affirmative proof that such interest was knowingly taken or charged. In view of the fact that the evidence introduced by the defendant Davis clearly shows that the plaintiff did not receive any interest in the royalty deed, there was no issue to submit to the jury. A charge of a commission for procuring a loan does not render the transaction usurious if the party receiving the commission does not make the loan. Section 9519, Okla. Stats. 1931. Murphy v. Fidelity Investment Co., 161 Okla. 48, 17 P. (2d) 472.

The defendant Bertha Davis wholly failed to sustain the burden of proof that the defendant Feuquay acted as agent for the plaintiff in the loan transaction herein, or that same was usurious, and, therefore, the court did not err in sustaining the demurrers to her evidence.

Where no evidence reasonably tends to support defense interposed by payors of notes, who admitted execution thereof, Supreme Court will not reverse judgment of trial court sustaining demurrer to defendant's evidence and rendering judgment for plaintiff. Elling v. Bank of Jefferson, 114 Okla. 147, 244 P. 793; Bobeck v. Bank of Jefferson, 114 Okla. 197, 244 P. 795.

"When there is no competent evidence reasonably tending to support plaintiff's case, judgment of trial court sustaining demurrer to plaintiff's evidence will not be reversed." Fuss v. Cocannouer, 70 Okla. 36, 172 P. 1077.

In case tried to court, where demurrer to plaintiff's evidence is sustained, and evidence shows plaintiff wholly failed to prove case, judgment should be affirmed. Avery v. Abraham, 114 Okla. 101, 243 P. 728.

We have carefully examined the brief of plaintiff, appellant herein, and conclude that the authorities cited therein are not applicable to the facts and issues involved in this appeal.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Travis I. Milsten, I. L. Lockewitz, and John M. Goldesberry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Milsten and approved by Mr. Lockewitz and Mr. Goldesberry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

BAYLESS, V. C. J., and WELCH, PHELPS, GIBSON, and HURST, JJ., concur.