## CRANE-RANKIN DEVELOPMENT CO. v. DUKE.

No. 28247.   Jan. 17, 1939.

Rehearing Denied March 21, 1939.

Application for Leave to File Second Petition for Rehearing Denied June 6, 1939.

L. A. Winans and Robert E. Owens, for plaintiff in error.

Melton, McElroy & Vaughn, for defendant in error.

BAYLESS, C. J.   O. S. Duke instituted an action in the district court of Stephens county, Okla., against Crane-Rankin Development Company, a corporation, to recover a money judgment. The verdict of the jury was in his favor, and the company appeals.

Duke entered into a contract with the company to drill an oil well for a fraction of the working interest. This contract was fulfilled. Thereafter, the parties entered into a second contract whereby Duke gave the company an option to purchase his interest. The execution and delivery of these contracts are admitted. Duke alleged:

"* * * And about the 29th day of June, 1935, the said defendant herein, through its secretary, Amil F. Werner, advised this plaintiff orally that the said defendant herein had elected to exercise its option to take such property under the terms of said written contract. * * *"

The defendant answered with a general denial, and with this specific denial:

"Defendant denies specifically that it at any time exercised or attempted to exercise its said option and specifically denies that any one of its officers, or any other person acting for or in its behalf, or by any authority as agent for this defendant, ever exercised or attempted to exercise any of the rights of this defendant under said option agreement."

The plaintiff's evidence shows that he received the option contract by mail from the secretary of the company, and, when he had executed it, he returned it to the secretary of the company, who orally informed him that the company had exercised the option and would buy. This was shown to be the 29th of June. The plaintiff's evidence shows he then suggested that he draw draft for the money, but the secretary advised him not to do so, because the money was in the mail en route, and informed him that if he would meet the secretary the following Monday at the bank, the money would be paid. He further testified that when he met the secretary on the Monday, the secretary said the company had changed its mind and would not purchase, and did not pay the money. The company denied all of this.

The first proposition is: The court erred in overruling the demurrer to the evidence

at the close of plaintiff's evidence. The argument made hereunder is of an extremely limited scope. In substance, the company argues that the evidence does not show that the company exercised the option in the identical terms and conditions of the contract. The contract reads:

"* * * Said option to be exercised on or before the 30th day of June, 1935, and upon the acceptance of said option and the payment of said cash consideration first party agrees to execute proper assignment of said leases and said oil payments hereinbefore described."

The company points out that the evidence merely shows that the company gave notice of the exercise of the option only, and that it did not pay, nor did Duke execute and deliver the assignments. The company cites Morath v. Perkins, 86 Colo. 101, 278 P. 611, and Hartzell v. Choctaw Lbr. Co., 163 Okla. 240, 22 P.2d 387.

The Colorado case is not analogous. There was no issue of acceptance strictly according to terms, but rather whether a subsequent escrow agreement could be construed as an election to exercise the option. The Oklahoma case did not involve an option, but did involve an effort to evolve an express contract out of several writings containing offers and rejections and counter-offers. It is somewhat analogous, but not helpful.

The option contract herein contained no conditions respecting the manner in which election should be manifested. Therefore, if the oral statement of election was acceptable to Duke, and the promise to pay the following Monday was agreeable, the election was binding in so far as the argument made is concerned. The company says in its brief:

"The only manner in which the option could become a binding contract was when terms thereof were performed by Crane-Rankin and the money actually paid to Duke."

We believe the company is confusing performance with acceptance. We agree with the company's assertion that the option contract was unilateral and imposed no obligation upon the company until it elected to exercise its right to avail itself of the offer held out to it. When it did so elect, it thereby simply accepted the offer made by the other party, and, when it did accept, the terms specified in the option became obligations. See 12 Am. Jur. 524, sec. 27, et seq. It is said on page 526, supra:

"An option, so long as it remains unaccepted, is a unilateral writing lacking the mutual elements of a contract, but when it is accepted by the optionee, an executory contract arises, mutually binding upon the parties."

Acceptance and performance are essentially different, and the company's notice to Duke of its acceptance brought into existence an executory contract, which the parties were bound mutually to perform according to its terms.

The second proposition reads: The court erred in refusing requested instructions 1, 2, and 3. No. 1 was for a directed verdict and was without merit under the record.

No. 2 requested an instruction concerning the manner of the exercise of the option, and embodies the same erroneous confusion between acceptance and performance mentioned above. No error was done by the refusal to give it.

No. 3 related to the agency and authority of the secretary to notify Duke that the option had been exercised to purchase, or to do any other equivalent act binding the company. This was not an issue. Agency was alleged, as will be seen from the quotation from the petition. Agency was not denied, as will be seen from the quoted portion of the answer; unless the general denial is considered sufficient to cover the allegation. This was not verified and therefore failed to raise an issue. 12 Okla. St. Ann. sec. 286, and cases cited under note 7.

The judgment is affirmed. The motion for judgment on the supersedeas bond is granted.

Affirmed, motion for judgment on supersedeas bond granted.

RILEY, CORN, HURST, and DANNER, JJ., concur.