BURFORD, Adm'r, v. MITCHELL.

*98 P. 2d 1098.*

No. 28975.   Jan. 23, 1940.

Rehearing Denied Feb. 13, 1940.

R. E. Bowling, of Pauls Valley, for plaintiff in error.

Cunningham, Walker & Cunningham, of Arkansas City, Kan., and Blanton, Curtis & Blanton, of Pauls Valley, for defendant in error.

WELCH, V. C. J.   This action was originally brought against Zora Mitchell, the maker of the note, who answered pleading payment of the note. Before trial she died and the action was revived in the name of her administrator. An amended petition was filed, and the administrator filed answer alleging in effect that the note was executed by the maker to her husband, the payee, in connection with an agreed settlement of property interests between the parties, existing by reason of their marital status, and that the note was thereafter paid by her to the payee. The two answers alleged generally that the note had been paid, but neither alleged any specific time or manner of payment.

The plaintiff held the note by purchase and indorsement. She purchased it after maturity, and therefore was not a holder in due course, but her title was not otherwise defective.

Upon trial the court instructed a verdict for plaintiff and rendered judgment for plaintiff. On appeal the defendant contends the trial court erred in overruling demurrer to plaintiff's evidence and defendant's motion for instructed verdict and erred in instructing a verdict for plaintiff.

The record discloses ample showing that the note was executed by the maker and delivered to the payee and thereafter indorsed and transferred to the plaintiff. There is no proof of payment of the note. The answer of the administrator alleged that a named person, cashier of a local bank, had personal knowledge of such payment, but he was not called to testify and it is fairly inferable that he did not have such knowledge. It was defendant's theory that the note was given in connection with the settlement of property rights between the maker and the payee, husband and wife; and it was shown that the property settlement was followed by a decree of divorce which recited a finding in effect that various property had been conveyed to the wife by the husband, that she had paid him for his interests therein, and that all property rights had been adjusted, and that no issues remained between them as to property. And the decree confirmed the wife's title in and to the property referred to.

Upon failure of proof by the banker witness, or otherwise, that the note was in fact paid, it is urged that the note must be said in law to be paid by reason of the divorce decree.

The defendant cites our statutes and decision to the effect that a divorce decree bars any claim of either party in or to the property of the other, but we do not deem them applicable to the issues here. The defendant cites no authority under which we could hold this divorce decree to establish the allegation of payment of this note. The note was executed prior to the decree, but was not due until some months after the decree.

The burden was on defendant to prove the allegation of payment of the note. Brummett v. McGowan, 165 Okla. 59, 24 P. 2d 980; Curry et al. v. DeLana, 127 Okla. 70, 259 P. 851; Price v. Latimer County Nat'l Bank of Wilburton, 119 Okla. 198, 249 P. 305.

The only evidence introduced by defendant to show payment was evidence of the divorce decree. We are of the opinion that this does not tend to support the defense interposed by the defendant.

Where there is no evidence reasonably tending to support the defense interposed by payor of note in an action where the payor has admitted the execution of the notes sued upon, this court will not reverse the judgment of the trial court when it has instructed the jury to render verdict for plaintiff. Elling v. Bank of Jefferson, 114 Okla. 147, 244 P. 793; Bobeck v. Bank of Jefferson, 114 Okla. 197, 244 P. 795; Davis v. Holland et al., 179 Okla. 621, 67 P. 2d 449.

Judgment of the trial court is therefore affirmed.

RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.