CLAYTON STATE BANK v. GOLDESBERRY et al.

No. 29826. May 12, 1942.

*125 P. 2d 1005.*

F. L. Welch, of Antlers, for plaintiff in error.

James A. Rowles and C. S. Fenwick, both of Tulsa, for defendant in error.

PER CURIAM. This action was instituted by the Clayton State Bank, hereinafter referred to as plaintiff, against James Goldesberry and Bailey E. Bell, hereinafter referred to as defendant, to recover balance due on a promissory note alleged to have been executed by the defendants as comakers.

The defendant Bailey E. Bell defended with a plea of non est factum and payment, and defendant John Goldesberry filed no pleading.

Trial was had to a jury. James Goldesberry testified that he and the defendant Bailey E. Bell had executed the note in controversy, and that no payments had been made thereon except those shown on the instrument, and that the amount for which plaintiff was suing was due and wholly unpaid. This witness was corroborated by the testimony of the cashier of the plaintiff bank. The defendant Bailey E. Bell admitted that he had signed a note with his codefendant to the plaintiff bank, and that while he did not believe that the note in suit was the one which he had signed, he would not testify that it was not his note. The defendant further testified that he had been informed and led to believe that the note had been paid by his codefendant James Goldesberry and that for this reason he made the plea of payment. He admitted that he had not paid the note or any part thereof. Plaintiff demurred to the evidence of defendant and moved for directed verdict in its favor against said defendant. Both the demurrer and the motion were overruled and denied and plaintiff saved proper exceptions thereto. The jury returned a verdict in favor of plaintiff and against James Goldesberry for the full amount claimed to be due, but exonerated the defendant Bailey E. Bell from liability. Motion for new trial was overruled, and plaintiff has perfected this appeal.

As grounds for reversal of the judgment below, plaintiff assigns ten specifications of error which it presents under five propositions. It will be necessary to consider only one of the propositions so advanced, that is, error of the trial court in overruling plaintiff's demurrer to defendants' evidence and in denying plaintiff's motion for directed verdict against the defendants.

The execution of the note was conclusively proved by the plaintiff and was not denied by the defendants. The defendants' plea of payment was wholly without any competent evidence to support it, and the jury by its verdict in favor of the plaintiff and against James Goldesberry so found. As said in Burford, Adm'r, v. Mitchell, 186 Okla. 465, 98 P. 2d 1098:

"Where execution and delivery of a promissory note is admitted or proven, and a plea of payment is interposed, the burden of producing evidence to defeat liability thereon is on defendant."

There being no competent evidence to support either of the defenses interposed by the defendant Bailey E. Bell, the motion of plaintiff for directed verdict against him should have been sustained. See Cassity v. First National Bank, 143 Okla. 42, 287 P. 392; Murdock

Motor Corporation v. Kirk, 142 Okla. 254, 286 P. 771; Conwill v. Eldridge, 71 Okla. 223, 177 P. 79.

On account of error hereinabove pointed out, the cause is reversed and remanded, with directions to enter judgment in favor of plaintiff and against the defendant Bailey E. Bell.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.