FARMERS AUTOMOBILE INTER-INSURANCE EXCHANGE v. LITTLE.

No. 30599. Sept. 15, 1942.

*129 P. 2d 70.*

Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, for plaintiff in error.

Whitten & Whitten, of Oklahoma City, for defendant in error.

BAYLESS, J. John R. Little, a physician, sued Farmers Automobile Inter-Insurance Exchange, a corporation, for compensation for certain professional services rendered one Smith on the theory:

"That on or about the 21st day of July, 1940, the defendant corporation, by and through its agent, H. N. Barrett, authorized and directed the plaintiff to render medical services to one Bronnell Smith."

The value of these services was set at $213. The amended answer of defendant consisted of a general and specific denial, and a specific denial that Barrett was its agent. This denial of agency was verified.

At the close of plaintiff's evidence defendant demurred, and when the demurrer was overruled the defendant rested without offering evidence from any of its witnesses. When the case was closed each of the parties moved for a directed verdict. The trial court overruled such motion of the defendant, and may have given some indication of an

intention to sustain such motion of plaintiff. Whereupon, the defendant began to insist there was an issue of fact to be submitted to the jury and insisted that the case should be submitted to the jury and defendant have an opportunity to argue the case. Plaintiff then withdrew his motion, and the case was argued, the jury instructed, and in due course the jury returned a verdict for plaintiff for the amount sued.

Two main propositions are argued and these are subdivided.

The first relates to the ruling on the demurrer to the 'evidence, and its three parts need not be noticed because of the disposition of the case on the second.

The second proposition relates to errors in the instructions, and several instructions are set out and discussed. No. 1 reads:

"You are instructed the burden is upon the plaintiff to prove all the material allegations of his petition by a preponderance of the evidence and if he fails to do this your verdict should be for the defendant.

*"The burden is upon the defendant to prove its allegation denying agency by a preponderance of the evidence.*

"You are instructed it is admitted by the parties that the plaintiff is a qualified physician under the laws of the State of Oklahoma and the defendant is a corporation doing business under the laws of the State of Oklahoma."

Complaint is made of that part italicized.

12 O. S. 1941 § 286, reads:

"In all actions, allegations . . . of any appointment of authority . . . shall be taken as true unless the denial of the same be verified . . ."

We have held in many cases that the failure to verify a denial of agency relieves the party alleging agency and relying thereon as a part of the cause of action from the necessity of introducing proof thereof and places the issue of agency in the status of being admitted.

The converse is true where the appointment of authority is denied under oath. The relation of principal and agent had to exist between defendant and Barrett in order for plaintiff to succeed. His entire cause of action was based on the authority of Barrett to bind defendant, and the burden of proof on this issue rested on plaintiff in the first instance (Davis v. Holland, 179 Okla. 621, 67 P. 2d 449), and was only abated by the tacit admission thereof by defendant if it failed to verify its denial thereof. If defendant should verify its denial of agency, and it did, then plaintiff was where he started—faced with the burden of proof of this issue.

The defendant had no burden on this issue. Defendant was never obliged to introduce evidence on this point. It could let the issue rest on plaintiff's evidence if it doubted the sufficiency thereof.

Since defendant introduced no evidence in this case, we think the erroneous instruction of the court was prejudicial in this instance. It was tantamount to telling the jury the defendant remained mute at a time when its duty obliged it to offer proof.

Plaintiff argues that where the evidence is clear, and is not contradicted, and is not inherently improbable, a verdict should be directed. But, in this instance, we do not think the evidence was such. There is testimony of one witness for plaintiff tending to limit the agent's authority, and this limitation, if believed and adopted by the jury, was fatal to the plaintiff's claim.

Other numbered instructions are attacked, but we do not pass on their correctness herein.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.