OPPENHEIM v. BARNES.

No. 30986. Nov. 9, 1943.

*144 P. 2d 446.*

Twyford & Smith and Norman J. Futor, all of Oklahoma City, for plaintiff in error.

Frederick J. Hoyt and Edward M. Box, both of Oklahoma City, for defendant in error.

WELCH, J. Plaintiff sought judgment on four promissory notes in the aggregate sum of approximately $5,000. Defendant acknowledged execution, but pleaded payment in full and that three of the notes were executed without consideration. There was jury verdict and judgment for plaintiff for full amount, and defendant appeals.

Defendant contends that he was entitled to a directed verdict on the evidence offered to support his plea of full payment of the indebtedness and lack of consideration as to three of the notes. However, upon the fact issue the jury found for plaintiff, and we cannot say the finding is so arbitrary or unsupported by competent evidence as to be set aside on appeal. While defendant had some evidence of payments made, it is apparent that the jury weighed that evidence in connection with competent evidence and circumstances refuting the allegations of payment. Defendant presented a theory and contention that in fact he gave plaintiff three of the notes sued on to take up from plaintiff a former note executed by defendant to another, but that plaintiff's title to defendant's former note was defective and invalid. The burden of proof on that issue, as well as on the issue of payment, rested on defendant. Young v. Garrett, 187 Okla. 595, 105 P. 2d 257; Shidler v. Ross, 189 Okla. 65, 113 P. 2d 603; Central National Bank v. Pyeatt, 97 Okla. 28, 222 P. 533; Clayton State Bank v. Goldesberry, 190 Okla. 560, 125 P. 2d 1005; Burford v. Mitchell, 186 Okla. 465, 98 P. 2d 1098; American National Bank v. Demaras, 167 Okla. 57, 27 P. 2d 828, and Curry v. De Lana, 127 Okla. 70, 259 P. 851. Those issues were directly submitted to the jury by the

court's instructions, directing verdict for the defendant if the jury found the fact issue in his favor as to either pleaded defense. From the record we cannot say that defendant established either of such defenses to the extent that the jury was bound to accept defendant's theory, or to the extent that defendant was entitled to an instructed verdict on either theory. On this ground we must affirm. Nelson v. Peterman et al., 119 Okla. 125, 249 P. 333; Oklahoma Railway Co. v. Mount, 155 Okla. 275, 9 P. 2d 11; Bass, Maxwell & Co. v. Independent Gin Co., 140 Okla. 80, 282 P. 635, and Farmers State Bank of Newkirk v. Hess et al., v. 138 Okla. 190, 280 P. 305.

Defendant next contends that the trial court erred in refusing to dismiss plaintiff's action for plaintiff's failure to prove assessment and payment of intangible taxes on the notes sued upon. 68 O. S. 1941 § 1515. However, it was shown that Mr. Barnes did make an assessment for taxation of various notes and other intangibles which he owned, and from his returns it was fairly ascertainable that he did assess and pay the intangible tax on these notes. That proof was accepted in the trial court as sufficient, and we find no error therein.

Objections are presented to some of the instructions given the jury. We have examined all the instructions and find that they fairly present the case to the jury, including direct submission to the jury of each ground of defense relied upon by defendant, and there appears no error in the instructions given. Bucktrot v. Partridge, 130 Okla. 122, 265 P. 768.

The calculation of the aggregate amount due appears to be correct, and finding no reversible error, the judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.