**Paul WOOLFOLK, Plaintiff in Error,**

v.

**Paul Joe SEMROD and J. V. Sabin,
Defendants in Error.**

No. 38628.

Supreme Court of Oklahoma.

April 12, 1960.

Wilson & Wilson, Enid, and Hastings & Lefferdink, Eads, Colo., for plaintiff in error.

Simons, Mitchell, Headrick & Mitchell, by Earl B. Mitchell, Jr., Enid, for defendants in error.

JACKSON, Justice.

This is an appeal by plaintiff, Paul Woolfolk, from judgment on verdict for defendant, Paul Joe Semrod, in an action for bodily injuries arising out of a motor vehicle collision occurring June 1, 1956, on U. S. Highway No. 81 south of Waukomis, Oklahoma.

Plaintiff was a passenger in a Studebaker automobile owned and driven by Donald Lee Richardson south on said highway. As Richardson attempted to pass another automobile driven by defendant Semrod and owned by defendant J. V. Sabin, Semrod turned same to the left, resulting in a collision between the two automobiles and alleged injuries to plaintiff's shoulder, back and abdomen, when plaintiff was thrown from the automobile.

The negligence alleged against defendant Semrod included failing to look in the rear view mirror, turning left before reaching the intersection, and failing to signal his intention of turning, as provided by law. Semrod was alleged to have been acting as the agent or employee of defendant Sabin.

Defendant Sabine filed a verified answer consisting of a general denial. At the close of plaintiff's evidence, the trial court sustained the demurrer of defendant Sabin, there being no evidence of an agency relationship between defendants Sabin and Semrod.

Defendant Semrod filed a verified answer consisting of a general denial, an allegation that the collision and plaintiff's injuries were caused or contributed to by the negligence of the driver of the car in which plaintiff was riding (Richardson), in failing

to keep his automobile under such control and to drive at such rate of speed as to be able to stop same within the assured clear distance ahead; in driving said automobile at a reckless and excessive rate of speed, in failing to keep a proper lookout, and failing to sound the horn, an allegation that Richardson was then acting as the agent or employee of plaintiff, subject to plaintiff's control and direction, and an allegation that plaintiff was contributorily negligent.

At the close of the first day of the trial the court, over defendant Semrod's objection, permitted plaintiff to file a verified reply. The jury returned a verdict for defendant Semrod, upon which judgment was entered.

■▬▬ The first proposition urged by plaintiff is that, since there was no evidence of agency or joint enterprise between plaintiff and the driver of the automobile in which plaintiff was riding, the trial court erred in submitting said issue to the jury. The instructions complained of are, as follows:

"No. 20

"You are further instructed that the negligence, if any, of the driver of an automobile is not imputable to a passenger riding in said automobile who has no authority or control over the automobile or over the driver thereof."

"21

"If you find from a preponderance of the evidence that at the time of said collision plaintiff and Donald Lee Richardson were engaged in a joint journey or enterprise, either of business or pleasure, the rule stated in the foregoing instruction would not be applicable.

"The presumption of law, however, is that the negligence, if any, of the owner of an automobile is not imputable to a passenger in an automobile and the burden of proving that the owner and passenger, at the time of a collision, were engaged in a joint journey or enterprise, either of business or

pleasure, is on the party alleging the same, who in this case is the defendant.

"You are further instructed that in a joint venture or joint enterprise there must be a joint participation and mutual control in the management and conduct of the enterprise or venture."

In Hasty v. Pittsburg County Ry. Co., 112 Okl. 144, 240 P. 1056, we reversed judgment on verdict for defendant because of error of the trial court in submitting imputable negligence, or joint enterprise, to the jury, in the absence of any evidence to support same. We held such error prejudicial to plaintiff-passenger because there was evidence tending to show negligence on the part of her husband-driver.

In the instant case, there was evidence from which it could be reasonably inferred that both defendant Semrod and Richardson, the driver of the automobile in which plaintiff was riding, were negligent. There was little or no evidence of any contributory negligence on the part of plaintiff, as was the case in Hayward v. Ginn, Okl., 306 P.2d 320, and Bottoms v. Botts, Okl., 349 P.2d 653. Hence, we are of the opinion that the error was not harmless, but was prejudicial to plaintiff. In Fauks v. Garrett, 205 Okl. 129, 235 P.2d 921, we held, in paragraph one of the syllabus:

"It is reversible error to give instruction which has no application to issues involved or evidence in support thereof, where it is apparent that rights of the losing party were thereby prejudiced."

To the same effect, Tyree v. Dunn, Okl., 315 P.2d 782; Huey v. Stephens, Okl., 275 P.2d 254; Overstreet v. Bush, 208 Okl. 365, 256 P.2d 416.

Defendant points out, and correctly so, that prior to the filing of a verified reply by plaintiff, it was unnecessary for defendants to introduce any evidence on agency or joint enterprise as alleged in the answer, it being deemed admitted. 12 O.S.1951 § 286; Farmers Automobile Inter-Insurance Exchange v. Little, 191 Okl. 244, 129 P.2d 70; Crane-Rankin Development Co. v. Duke,

185 Okl. 223, 90 P.2d 883. Defendant argues that the court abused its discretion in permitting plaintiff to file a verified reply at the close of all the evidence, but that the error was harmless, since the court submitted the issue to the jury by Instructions Nos. 20 and 21.

We are unable to follow this reasoning of defendant. When the court permitted plaintiff to file a verified reply, the allegation of agency or joint enterprise became a controverted issue. It thereupon behooved defendant to introduce evidence in support of this allegation. Having failed to do so, it was prejudicial error for the trial court to submit the issue to the jury, under the rules in the above-cited cases.

■ If, however, the trial court abused its discretion in permitting plaintiff to file a verified reply at that stage of the proceedings, then we should disregard the filing of the reply and hold that the giving of Instructions Nos. 20 and 21 was not error. The successful party may, without cross-appeal or assigning errors, save the judgment by showing that errors were committed against him below which, if corrected, will make the result reached below correct. American National Bank of Oklahoma City v. Ardmoreite Publishing Co., 123 Okl. 225, 253 P. 81, 82.

■■ Under provisions of 12 O.S.1951 § 317, the trial court is empowered to permit amendments, before or after judgment, in furtherance of justice, on such terms as may be proper.

In 71 C.J.S. Pleading § 282, at page 603, it is said:

"It is ordinarily regarded as within the sound discretion of the trial court to allow or refuse an amendment at or after the close of the evidence. * * *"

And, in § 296, at page 677:

"An amendment of an answer to deny a fact that has been admitted, or to admit a fact that has been denied, is addressed to the sound discretion of the trial court."

And, in § 284, at page 606:

" * * * The omission to contradict an allegation in an opponent's pleading, although, in legal effect, an admission of the allegation, is not such an admission that, on amending by inserting a denial, any explanation of the inconsistency will be required."

In the instant case, plaintiff alleged in his petition that he was "riding as a guest in a Studebaker automobile owned and being driven by Donald Lee Richardson".

On direct examination, plaintiff testified that he was a trustee of the Midwest Bible College in Oklahoma City, and that he attended the graduation banquet at said college on the night before the collision. At the banquet, he met Richardson, who was his cousin, and who resided at Enid. Richardson invited plaintiff to ride to Enid with him and spend the night, and stated that he would drive plaintiff back to Oklahoma City the next day for a meeting at the college. The collision occurred while Richardson was driving plaintiff back to Oklahoma City.

It is apparent from the above testimony that an agency or joint enterprise relationship between plaintiff and Richardson could not properly be inferred, and that plaintiff's failure to controvert said allegation in defendant's answer was probably an oversight.

Near the close of the first day of trial, defendant's counsel announced his intention of calling one additional witness. The Court stated that as it was nearly five o'clock, the court would declare a recess until nine o'clock the following morning. After the jury was excused, plaintiff's counsel asked leave of the court to file a verified reply, which leave was granted by the court.

Although defendant's counsel objected to the ruling of the court and moved to strike the reply, he did not request a continuance, or show, by affidavit or otherwise, that defendant was unable to meet the issue thus framed, or that defendant was prejudiced by the court's ruling.

Title 12 O.S.1951 § 319, provides:

"When either party shall amend any pleading or proceeding, and the court shall be satisfied, by affidavit or otherwise, that the adverse party could not be. ready for trial, in consequence thereof, a continuance may be granted to some day in term, or to another term of the court."

■ Upon the convening of the court the following morning, plaintiff filed his reply, whereupon defendant rested his case without requesting a continuance or showing that he was prejudiced by the court's ruling. In Bly v. Pool, 60 Okl. 77, 159 P. 511, we held, in paragraph two of the syllabus:

"If an amended reply is permitted to be filed just prior to the time of the commencing of the trial of a cause, and it appears that the defendant is not then prepared to proceed with the trial, by reason of such amended reply being filed, the proper practice is not to move to strike such amended reply from the files, but to apply to the court to postpone the trial for such time as may be reasonable for defendant to prepare to meet such amended reply."

In First National Bank in Pawhuska v. Lewis, 193 Okl. 678, 146 P.2d 840, we held, in paragraphs 1 and 2 of the syllabus:

"1. Trial courts are vested with wide discretion in permitting amendment to pleadings where the amendment does not change substantially the claim or defense.

"2. An amendment which has the effect of withdrawing a prior admission and putting plaintiff upon proof of the material allegations of his petition does not change the claim or defense."

■ We are of the opinion that the trial court did not abuse its discretion in permitting plaintiff to file a verified reply at the close of the evidence, and there is no showing that the defendants were prejudiced thereby.

Inasmuch as our conclusion necessitates another trial, we have considered the remaining assignments of error presented in plaintiff's brief. We find no other prejudicial errors.

The judgment for defendant Semrod is reversed with directions to grant plaintiff a new trial. Judgment for defendant Sabin is affirmed.