**K. E. McBRIDE, Plaintiff in Error,**

v.

**Richard TUNNELL, Defendant in Error.**

**No. 40528.**

Supreme Court of Oklahoma.

June 2, 1964.

Rehearing Denied Sept. 15, 1964.

Gene T. Ritter, Ardmore, for plaintiff in error.

Otey, Johnson & Evans, and Geo. Otey, Jr., Ardmore, for defendant in error.

HALLEY, Vice Chief Justice.

Parties will be referred to by name or as they appeared in the trial court.

This controversy arose out of a misunderstanding about the organization of a corpo-

ration. It appears that the plaintiff, Tunnell, and a man by the name of Clyde Messick, discussed among themselves the organization of a perforating company. The defendant, McBride, was to come into the company to operate it. The three, Tunnell, McBride and Messick, were to own a one-third interest each. It was decided by the three of them that George Capehart would be taken into the company and the four would own a one-fourth interest each. Capehart did so. An attorney was consulted about forming a corporation which was to be known as Comet Guns, Inc. It was agreed between the four that each was to have 125 shares for which they would pay $10.00 a share. When there were to be only three incorporators each was to put up his share, which was to be $1,250 apiece. When there were to be four organizers it was testified by some that McBride would not put up any money but would be given his one-fourth or 125 shares as promotional stock. Their lawyer informed them that there could be no promotional stock and that all stock issued would have to be paid for.

At the organizational meeting or at one of the early meetings of the incorporators after receiving the charter of Comet Guns, Inc., stock was issued to the four incorporators and three promissory notes in the sum of $1,250 each were signed by the defendant, Capehart and Messick and were made payable to plaintiff. Plaintiff deposited $5,000 of his own funds in the bank account of the corporation. This money was used to get the necessary equipment to put the company in operation. Capehart and Messick paid for their stock by taking up the notes signed by them. Defendant did not do so. Because of his failure to do so this suit resulted.

Plaintiff brought a straight suit on the promissory note that defendant had given him. The defendant defended on the contention that there was no consideration for the note. It was his position that if he got a third of the stock of the corporation, he would pay the note but that if he got only one-fourth of the stock he would have to pay nothing.

■ The execution of the note having been admitted the burden of proceeding was placed upon the defendant. At the close of defendant's evidence, the plaintiff demurred thereto and asked for a directed verdict. This was granted and from the judgment for plaintiff thereon the defendant has appealed.

At the time of trial the defendant owned all the stock that was issued to Messick and Capehart. The corporation had never paid any dividends at the time of trial. The company is apparently owned by the plaintiff and defendant.

There is no evidence anywhere that the plaintiff was to pay for the stock issued defendant. Plaintiff advanced the $5,000 and there is no evidence from anyone that he was not to get back $3,750 from the other organizers. The defendant signed a note not to the corporation but to the plaintiff. The defendant makes no suggestion as to who was to pay the plaintiff the $1,250. If it was to be paid out of the profits of the corporation, it has not been done. It is quite apparent that the preliminary discussions were not followed out and at least were not put in writing. Messick and Capehart paid their notes.

■ The defendant really made only one contention and that was that:

"The trial Court erred in instructing a verdict in favor of the plaintiff for the reason that the promissory note introduced in evidence in this case constituted only a part of the agreement between the parties and the oral agreement between the parties was a part of the entire agreement which was not considered by the Court."

He relies on one case to sustain his position and that is Spradlin v. American Travelers Insurance Company, Okl., 376 P.2d 323. That case is easily distinguishable from the case at bar for in that case the note was given to the insurance company for stock that was issued to the purchaser. A mort-

gage was also given to secure the note and a renewal note was given. In our case here the matter of promotional stock was ruled out by the attorney who obtained the charter for the corporation. There is no evidence to show that the plaintiff was going to advance the defendant's share of the money that went into the corporation's account. The fact remains that the parties never settled among themselves as to how the defendant's part was to be paid. Certainly there is no evidence that Tunnell, the plaintiff, was to pay for it. He took a note from each of his three associates and each undertook to pay his note to plaintiff.

The evidence that defendant, if he got a third of the stock, would pay and if he got a fourth he would not does not make sense. In that case one-twelfth of the stock would be worth $1,250 when all of the 500 shares issued were only worth $5,000.

The note signed by defendant also provided:

"* * * and all legal defenses except payment is hereby waived."

It also provided that:

"All dividends on maker's stock in Comet Guns, Inc. shall be paid to payee to be credited on this note until same is fully paid."

Since we are unable to find any evidence that would indicate that the plaintiff was to look to someone other than defendant to pay this note, we think our statement in Burford v. Mitchell, 186 Okl. 465, 98 P.2d 1098, is applicable, wherein we said:

"Where there is no evidence reasonably tending to support the defense interposed by payor of note in an action where the payor has admitted the execution of the notes sued upon, this court will not reverse the judgment of the trial court when it has instructed the jury to render verdict for plaintiff. Elling v. Bank of Jefferson, 114 Okl. 147, 244 P. 793; Bobeck v. Bank of Jefferson, 114 Okl. 197, 244 P. 795; Davis v. Holland et al., 179 Okl. 621, 67 P.2d 449."

We find no error in the action of the trial court and its judgment is affirmed.

DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, C. J., and WILLIAMS and BERRY, JJ., dissent.