**Jack FRANKLIN, Appellant,**

**v.**

**CHERCO EQUIPMENT COMPANY, Appellee.**

**No. 4412.**

Court of Civil Appeals of Texas, Eastland.

Oct. 23, 1970.

Quinn & Price, Nelson Quinn, Abilene, for appellant.

John M. Smith, Longview, for appellee.

WALTER, Justice.

Duqesne Equipment Company's plea of privilege was granted and the plaintiff, Jack Franklin, has appealed. He contends the court abused its discretion in sustaining the plea of privilege because the record shows as a matter of law that the company converted his property in Coleman County and such county had venue under Exception 9 of Article 1995.

The record shows that Franklin rented a gas compressor from the Company on September 13, 1968. The rental rate was $875.00 per month with a minimum rental period of 12 months, with a down payment of $1,500.00 to apply against the first and last month's rental. Paragraph 4 of such Contract provided:

"Jack Franklin has the option to purchase this unit anytime during the life of the contract at a price of $24,691.00, less 75% of rentals paid and accrued."

Franklin's suit was for conversion, lost profits, and for damages resulting from the destruction of 3 oil and gas wells. He testified the compressor performed satisfactorily and that he was two months in arrears at the time the Company picked up the machine.

From Appellant's brief we copy the following: "That on the 16th of May he called Mr. Hardegree and Mr. Hardegree gave him permission to extend the time of payment to the 19th of May. The Appellant gives a different version and that was that he did talk to Mr. Hardegree, however, he agreed to extend the time to the 26th of May, explaining that he had to go to Houston to borrow the money. On the 21st day of May, the machine was repossessed from Coleman County and a letter was delivered to the Plaintiff notifying him of such repossession."

The Court is presumed to have found this conflicting issue of fact against the Appellant and in support of the judgment. The record shows conclusively that Appellant did not exercise his option to purchase the unit before it was repossessed.

Appellant's position is that he properly pleaded a cause of action for conversion and the record conclusively establishes that a conversion or trespass occurred in Coleman County. He relies on Cage Brothers v. Cage, Tex.Civ.App., 382 S.W.2d 169, (writ ref. n.r.e.). Cage Brothers stands for the proposition that "an absolute, unqualified ownership is not required to maintain an action for conversion". We agree with this statement of the law, however, Franklin did not own any right, title, or interest in the unit. It belonged to the Company at the time it was delivered to Franklin in Coleman County and at the time it was repossessed, and the only procedure provided for in the letter agreement for Appellant to acquire title was never exercised. The

transaction was a bailment and no title passed to the bailee. In Crane-Rankin Development Co. v. Duke, 185 Okl. 223, 90 P.2d 883, the Supreme Court of Oklahoma said: "We agree with the company's assertion that the option contract was unilateral, and imposed no obligation upon the company until it elected to exercise its right to avail itself of the offer held out to it. When it did so elect it thereby simply accepted the offer made by the other party, and, when it did accept, the terms specified in the option became obligations. Sec. 12 Am.Jur. 524, sec. 27 et seq. It is said on page 526, supra: 'An option so long as it remains unaccepted, is a unilateral writing lacking the mutual elements of a contract, but when it is accepted by the optionee an executory contract arises, mutually binding upon the parties'."

We have carefully considered all of Appellant's points. They are overruled. The judgment is affirmed.