## EYSENBACH v. ROBERT W. HUNT CO.

No. 19083. Opinion Filed June 18, 1929.

Rehearing Denied Nov. 26, 1929.

G. C. Spillers and Donald Prentice, for plaintiff in error.

Hulette F. Aby, Wm. F. Tucker, and Frank Settle, for defendant in error.

HERR, C. In this action the Robert W. Hunt Company, a corporation, sued O. K. Eysenbach in the district court of Tulsa county on a promissory note. Judgment was rendered in favor of plaintiff. Defendant appeals.

It is first contended by defendant that the court erred in overruling his motion for continuance. It appears that when the case was called for trial, counsel for defendant announced in open court that he was unable to locate his client, and requested that the case be continued to the following day. The application for continuance was made orally and dictated into the record, but the same was, by the court and all parties, treated as reduced to writing and properly verified. The substance of said motion is as follows:

"That the plaintiff is not present and a diligent effort has been made to locate him, but on account of his business engagements, the attorney for the defendant has been unable to locate him; that counsel for the defendant cannot safely proceed to trial without the presence of his client to aid and assist in directing the defense and in addition thereto, to testify. * * *"

The application set forth a defense to plaintiff's cause of action and set forth, in substance, what defendant's testimony would be if present to testify. The facts set forth in the application, if true, constituted a defense to plaintiff's cause of action. The court denied his application.

It appears from the record that the case was regularly set for trial and 15 days' notice thereof given by publication in the Legal News. It further appears that defendant was at his home in the city of Tulsa the morning of the trial and that his counsel made an effort that morning to locate him. It also appears, from the affidavit

subsequently filed by defendant in support of his motion for a new trial, that he did not know the case was set for trial until the day of the trial; that immediately after receiving notice of the trial, he came to the courthouse and that he there arrived while the jury was still in the jury box and before the proceedings were concluded.

He further sets forth in said affidavit that he was well acquainted with the trial judge and that the judge evidently discovered his presence before the jury left the box.

While the application for continuance is rather lax in the showing made as to diligence on the part of counsel in advising his client as to the date set for trial, still we would be inclined to grant relief were it not for subsequent proceedings disclosed by the record. It appears that a jury was duly impaneled and sworn to try the case; that thereafter counsel for both parties made their opening statements to the jury, upon the conclusion of which plaintiff introduced its note in evidence and rested. Defendant then demurred to the evidence, which demurrer was by the court overruled. The court then inquired of counsel for defendant whether he desired to introduce any evidence, to which inquiry counsel replied that he elected to stand on his demurrer. The court thereupon instructed the jury to return a verdict in favor of plaintiff.

Under all the circumstances we cannot say that defendant was prejudiced by the denial of his motion for a continuance. If, as a matter of fact, defendant was present in court, as stated in his affidavit in support of his motion for a new trial, before the jury left the box, counsel should have advised the court of his presence, and, instead of standing upon his demurrer, should have requested permission to withdraw his election and that he be permitted to offer evidence in support of his defense. Had he done so, this request no doubt would have been granted by the trial court; but having failed to do so and having elected to stand on his demurrer, he could in no wise have been prejudiced because of the denial of his application for a continuance.

Defendant further contends that his demurrer to the evidence should have been sustained for the reason that no proof was offered to establish that the note sued on had not been paid. This contention is without merit. Payment is an affirmative defense and must be pleaded and proved by the party asserting it.

Defendant, in support of his contention, cites the case of First Nat. Bank of Butte v. Silver (Wash.) 122 Pac. 584. It is there held:

"In an action on a joint and several note against one of the makers, plaintiff must allege and prove nonpayment by all parties, since payment by one would discharge all under Rev. Codes, § 4923, providing that performance by one of several persons jointly liable discharges the liability of all."

In the body of the opinion, at page 585, the court says:

"The note sued upon is joint and several, and payment by one of the makers extinguishes the liability of all. Rev. Codes, § 4923. Therefore, in order to show a breach of the condition of the obligation, it is necessary to allege that payment has not been made by any of the parties liable; and if issue be joined upon such allegation, then the burden is upon the plaintiff to make proof."

This rule does not prevail in this state, but even if it did, it could avail defendant nothing, as he took no issue on the question of payment. His defense, as set forth in his answer, was that he signed the note in question as surety, and that the same was not to be delivered and that it should have no force and effect unless other sureties signed the same; that the note was delivered in violation of this agreement and the same was, therefore, void. Under the law, it was not necessary for plaintiff in the first instance to offer proof that the note had not been paid.

Judgment should be affirmed.

TEEHEE, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.