## PLAINS PETROLEUM CORPORATION v. HATCHER.

No. 25176. May 5, 1936.

Chas. L. Yancey, H. L. Douglass, and Kavanaugh Bush, for plaintiff in error.

Rex H. Holden, Wm. O. Coe, and Ben Hatcher, for defendant in error.

CORN, J. The parties will be referred to herein as they appeared in the trial court.

This is a suit instituted by Oscar Hatcher in the district court of Oklahoma county, against the Plains Petroleum Corporation, a corporation, alleging in his petition: That the plaintiff and the defendant entered into an oral agreement by the terms of which plaintiff agreed to make a valuation of the properties in the Oklahoma City oil field belonging to Plains Petroleum Corporation and E. W. and F. D. Jones Drilling Company; that it was further agreed that said valuation of the properties of the above companies was to be made by this plaintiff and one Joseph Faust; that it was agreed that for the services to be rendered in compiling and preparing said valuation, the said Oscar Hatcher and Josef Faust were to receive the sum of $1,000 each, which the defendant specifically agreed to pay; that in accordance with said oral agreement this plaintiff and Josef Faust entered upon the performance of said contract and did on or about the 22nd day of April, 1931, complete said valuation and submitted the same to the defendant, which was accepted by the defendant as satisfactory and in fulfillment of said oral agreement.

To this petition the defendant filed its amended answer as follows:

"That it denies each and every allegation contained in plaintiff's petition and demands strict proof thereof.

"Further answering, said defendant specifically denies that it owes the plaintiff anything whatsoever by virtue of the purported contract set up in said petition. Defendant further alleges and states that for the preparation of the report for which the plaintiff claims entitled to a recovery, that said plaintiff authorized said defendant to settle with one Joseph Faust for the preparation of said report, he being the person who prepared said report, and that said defendant settled with the said Joseph Faust on the agreed price of $1,000 in full payment for said report, and has paid said sum in full settlement thereof and therefore owes this said plaintiff nothing whatsoever.

"Wherefore this defendant prays that it be discharged without cost."

The case was tried to a jury, and from a judgment in favor of the plaintiff, the defendant appeals to this court.

Defendant makes nine assignments of error, and argues all of these propositions under two specific heads, as follows:

(1) It is error to admit evidence of the reasonable value of services rendered when the only cause of action raised by the pleadings is for the recovery of $1,000 which the petition alleges defendant specifically agreed to pay in an express oral contract.

(2) When the pleadings allege only upon an express oral contract for the recovery of a specified sum agreed on, plaintiff is not entitled to a recovery upon quantum meruit.

Defendant's first proposition is in substance that the court erred in admitting evidence as to the reasonable value of the services of the plaintiff. The record shows, however, that defendant was the first to bring out this matter. Defendant brought

out on cross-examination of the plaintiff as follows:

"Q. Don't you know, Mr. Hatcher, that $1,000 is a great big price for a report like that? A. No. Q. I will ask you if you don't know it to be a fact that a lengthy report covering a great many more details than that one was prepared for $300 for the Plains Petroleum Corporation? A. I don't know it."

Up to this point Mr. Hatcher was the only witness called, and he had not been questioned relative to the reasonable value of his services, but defendant sought by the questions and answers to go into the reasonableness of the charge made for the services.

However, plaintiff had prior to this point of the testimony proved the agreement with reference to what he was to be paid for his services. He testified that he was to receive the same amount as Mr. Faust, and the testimony of Mr. Faust discloses he received $1,000. Defendant was not satisfied to accept the issues as tendered, but sought on cross-examination of Mr. Hatcher to go into the reasonable value of the services. Up to the time during the trial that defendant took the witness Hatcher on cross-examination, nothing had been said relative to the reasonable value of the services, but, as heretofore pointed out, defendant saw fit to open this door of inquiry, and after it voluntarily opened up the matter, plaintiff pursued this line of questioning.

Nowhere in the record is there any objection on the part of defendant advising the court of a variance between the pleading and the proof, and nowhere is there any intimation of any surprise which might prejudice defendant, but after an adverse verdict it is attempting to predicate error upon a matter occurring at the trial which it invited. Defendant in its motion for new trial did not call any such matter to the court's attention. It is not necessary for this court to consider any of the testimony taken at the trial, for this reason: If there is any error in this regard, defendant made no objection and took no exception, and as a matter of fact brought out the error, and cannot now complain.

Section 245, O. S. 1931, provides:

"No variance between the allegations in a pleading and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleadings to be amended, upon such terms as may be just."

The record is barren as to any indication that defendant was misled, and it alleged neither at the trial nor in its motion for a new trial that it had been so misled, nor was there proof to the satisfaction of the court that it had been misled, in fact no intimation was made by defendant of any prejudice or surprise.

In Stroup v. Brittain, 105 Okla. 276, 232 P. 814, this court said:

"The case was submitted to a jury under instructions as fair as the parties could ask. In fact, neither one excepted to the instructions of the court. There is so little variance, if there could be said to be any, between the proof and the petition, that we do not think the point well taken. But if there was a variance, the plaintiff in error did not raise the question of variance in the trial court, either when the evidence was offered or when the defendant below demurred to plaintiff's evidence. It was on other grounds, and the question of variance was not mentioned. Neither was it mentioned on defendant's motion for a peremptory instruction, nor in his motion for a new trial, and is raised for the first time in defendant's brief in this court."

And further in the opinion, this court states:

"The defendant below not having saved any exceptions or raised the question in any way, it is too late to raise it here for the first time."

Defendant's second assignment is that where the pleadings allege an express contract for a specified sum, recovery cannot be on quantum meruit.

Defendant made no objection, and in no wise advised the court of any variance between the pleadings and the proof, if there was any such variance, tried the case on the theory of quantum meruit, did not demur thereto or move the court to direct a verdict for it, allowed the court to instruct the jury upon the theory of quantum meruit and made no objection thereto and saved no exception, nor offered any instructions based upon the theory which it is now attempting to urge in this court.

It is elementary in this state that where, after the close of all evidence, defendant fails to renew its demurrer or move for a

directed verdict, thereafter it cannot complain of the sufficency of the evidence to sustain the verdict or the allegations of the petition.

It is likewise elementary in this state that a party cannot predicate error upon the instructions of the court where no objection is made or exception taken to such instructions.

The judgment of the trial court is affirmed.

The record contains a copy of a supersedeas bond executed by Frank P. Douglass, B. G. Patton, and Mary Lee Weaver, as sureties. Plaintiff has called the same to the attention of the court, with the request that judgment be entered on said bond against the sureties, and the court orders that judgment be entered on the supersedeas bond against Frank P. Douglass, B. G. Patton, and Mary Lee Weaver.

All the Justices concur.