**BOSWELL v. SIMPSON et al.**

No. 27799. Jan. 11, 1938.

Rehearing Denied Feb. 15, 1938.

H. A. Wilkinson and S. A. Horton, for plaintiff in error.

Oscar C. Simpson and Henry L. Goddard, for defendants in error.

DAVISON, J. The plaintiffs, who are partners in the practice of law, commenced this action June 12, 1936, seeking recovery from the defendant of the sum of $617.75 as attorneys' fees and interest thereon, alleged to be due them on account of legal services they rendered in successfully defending him in two lawsuits.

The petition alleged that by oral agreement the defendant employed said plaintiffs to represent him in two separate district court actions and promised to pay them an attorney's fee of $250 for their legal services in each case; that they successfully defended the defendant in both of said cases and that one of the cases was terminated, their services completed, and their fee due therefor on May 16, 1932, while the other case was closed and their services completed and their fee therefor due on August 19, 1932; and that all the defendant had ever paid on the $500 indebtedness thus incurred was a $25 payment made on June 15, 1933, on the fee in one case and a $5 payment made on July 8, 1933, on the fee in the other case.

The answer which the defendant filed consists of a verified general denial.

At the trial the defendant did not deny that he had engaged the plaintiffs, nor that they had performed the services alleged in their petition, but he testified that they had agreed to represent him in the cases in question free of charge. The plaintiff with whom the defendant always conferred testified that the defendant agreed to pay the fees set forth in the petition. The evidence established that the $25 payment with which one of the fees was credited represented payment for a cow which one of the plaintiffs had procured from the defendant. The plaintiffs' testimony was to the effect that the cow was purchased from the defendant, while the latter claimed that it was a gift and denied all knowledge of the existence of the indebtedness, and further denied that any payment had been made thereon.

Evidence of many other circumstances, which we deem unnecessary to mention, was also introduced.

The jury returned a verdict for the plaintiffs for the sum prayed for in their petition, and the defendant appeals from the trial court's order overruling his motion for a new trial.

The defendant in this appeal contends that the trial court committed error in failing to instruct the jury concerning the application of the statute of limitations to plaintiffs' cause of action, and he also contends that the verdict is not supported by the evidence.

The defendant bases his first contention on the claim that his answer, in the form of a verified general denial, was sufficient to raise the issue of limitations, and argues that under the rule requiring the trial court to instruct the jury on all of the material issues of the case regardless of request therefor by counsel, there should have been instructions on that issue in this case. The theory behind the defendant's contention that his answer raised the issue of limitations is that plaintiffs' petition showed upon its face that their action was barred by the statute of limitations in such cases made and provided unless the running of the limitations period was tolled by the payments made as they alleged therein, and that his answer, being a denial of these payments, was sufficient to make the question of limitations an issue in the case. In answer to this contention, the plaintiffs insist that the statute of limitations merely provides an affirmative defense, which if not specially pleaded, is waived, and that therefore the question of whether or not their cause of action was barred by said statute was not an issue in the case and consequently there was no necessity for the court to give instructions upon the proposition. The plaintiffs further urge that, even though the expiration of the period of limitations had not been waived as a defense and it was an issue in the case, any error committed by the trial court in its failure to submit instructions thereon has been waived by the defendant's failure to request instructions on that subject.

In considering the defendant's first assignment of error, which concerns the failure of the trial court to instruct the jury regarding the issue of limitations, the first thing to decide is whether or not the alleged error resulted in any harm or prejudice to the complaining party. Conceding, as the record shows, that no request was made on his behalf for instruction of the

jury upon the effect that its finding that payments had not been made upon the debt involved would have in allowing the bar of limitations to become operative on plaintiffs' cause of action, the defendant, nevertheless, maintains that it is the duty of the trial court upon its own initiative to instruct the jury upon all of the material issues, regardless of request therefor, and that failure so to do is prejudicial error. Our opinions in the cases of Muskogee Transfer & S. Co. v. Ward, 150 Okla. 58, 300 P. 648, and City of Tulsa v. Dickson, 166 Okla. 206, 26 P. (2d) 920, are cited as authorities for this rule. While we would not detract from the effectiveness of the rule followed in these cases, yet we must remember the application which the doctrine of harmless error has to errors assigned on appeal. In Chowning v. Ledbetter, 86 Okla. 269, 208 P. 829, we said the following:

"Even if the court's failure to give a certain instruction upon its own motion would be fundamental error, yet such would not be ground for reversal where no injury to plaintiff in error arose from such failure."

In any case, of course, the only way that failure to give the jury instruction on a particular issue therein can affect the verdict lies in the possibility that, without such instruction, the jury will not consider such issue at all, or if it does consider it, will not give it the proper construction, weight, effect, etc. In the present case, the rules of law concerning the operation of the statute of limitations upon the debt plaintiffs sued for would only become applicable in the event that the jury believed no payments were made on the debt as alleged. However, it is beyond doubt, from the verdict which the jury rendered in an amount which could only have been arrived at by allowing credit for the payments, that they did believe that said payments had been made and considered them in reaching its verdict. When it is observed that these payments were taken into consideration under the court's first instruction, which told the jury that the burden of proof was upon the plaintiffs "to prove by a preponderance of the evidence the material allegations of their petition" (which, as already mentioned, included allegations that the payments in question had been made), all reason for the defendant's complaint vanishes. Therefore, since in our opinion the question of whether payments had been made by the defendant upon the debt in controversy was sufficiently placed before the jury for consideration, as is clearly demonstrated by the size of the verdict, it is of no consequence that the court failed to specifically inform the jury as to the legal effect that the statute of limitations might have had in barring the action in the event no payment had been made. No prejudice to the substantial rights of the defendant has been shown to result from this omission, and under the verdict as rendered, it is inconceivable that same had such an effect.

The defendant's other assignment of error is that the verdict is not supported by the evidence. It is true that there was a conflict in the evidence as to whether or not the defendant agreed to pay the plaintiffs any fee for their services, and whether he had made any payments thereon, but there was no dispute as to the performance of the services and it was the jury's exclusive prerogative to weigh one statement against the other on the facts concerning which they differed. This court could not say that the verdict of the jury was against the clear weight of the evidence unless we could say that the testimony of the defendant, himself, clearly outweighed the testimony of one of the plaintiffs, for the testimony of these two persons is the only positive evidence which directly concerns the issues involved. The rule is well settled that where there is any competent evidence reasonably tending to support the verdict of the jury, the same will not be set aside on appeal.

For the reasons given, we find no cause for reversal in the proceedings of the trial court, and its judgment is hereby affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, J., absent.