## HARJO et al. v. HALL et al.

No. 28050.    May 17, 1938.

Ethel Hamilton, Cecil Hamilton, and Chas. N. Hamilton, for plaintiffs in error.

Anglin & Stevenson, for defendants in error.

BAYLESS, V. C. J. Leona Harjo, now Givens, and Benjamin Harjo, a minor, brother and sister, brought an action in the district court of Hughes county against E. D. Hall et al. for the possession of, and to quiet title to, certain real estate. They were joined by their stepfather, who claimed to inherit from his wife, the alleged former wife of the alleged father of the children. Like the children, he stands or falls upon their evidence. The verdict of the jury was for defendants, and plaintiffs appeal.

Plaintiffs assert that they are the children of James Harjo and Aggie Coachman Harjo, the issue of a common-law marriage between those two. The alleged husband and wife are both dead. The land involved is the allotment of James Harjo, and defendant Hall's title is based upon conveyances from the brothers and sisters of James Harjo. He denies the claims of plaintiffs and pleaded title by conveyance and by prescription.

A jury was impaneled, and much evidence was given and it is highly contradictory. The plaintiffs produced several witnesses who testified to facts which, if believed, were sufficient to show a common-law marriage between James Harjo and Aggie Coachman, his cousin. This would have been in August, 1914. Admittedly three children were born to Aggie Coachman, one of whom died in infancy and the other two being plaintiffs. The defendant Hall produced several witnesses who testified just as positively that no such marriage was contracted or existed.

This was an issue of fact properly triable by a jury. If no such marriage was contracted, then plaintiffs have no claim upon the estate of James Harjo. The sole basis of their claim is that they are the legitimate issue of a valid marriage.

Since the case was tried to a jury and evidence was introduced on behalf of the parties sufficient to more than justify a verdict in favor of either party, we cannot interfere with the verdict of the jury. Our function as a reviewing court is at an end when we have examined the record and found evidence to support the verdict. We cannot weigh it to determine whether the verdict conforms to our notion of the weight· thereof.

A single interrogatory reading:

"Was James Harjo and Aggie Harjo, nee Coachman, husband and wife on the date of the death of James Harjo on the 14th day of December, 1920?"

—was submitted to the jury. Complaint is made that it was confusing to the jury, since it made the issue of marriage depend upon the date of death of the husband rather than the date the marriage was contracted. We do not think so. The plaintiffs' contention was that such a marriage began in 1914 and existed at the death of Harjo. No issue existed as to whether the marriage was contracted and thereafter dissolved. The interrogatory could have been worded differently, but we do not believe that it confused the jury to the extent of prejudicing plaintiffs. No objection to the form of the interrogatory was made, and in addition the journal entry of judgment recites:

"It being agreed in open court by all parties that the only jury question to be determined in the case was the question of fact as to whether or not James Harjo, Creek, Roll No. 6576 and Aggie Coachman, Creek, Roll No. 5369, were husband and wife on the date of the death of James Harjo, Creek, Roll No. 6576, to wit, the 14th day of December, 1920, which question should be submitted to the jury upon special interrogatory."

Complaint is made of the giving of certain specified instructions. No. 3 is singled out and contrasted to No. 2, when No. 3 was not objected to, nor exception taken to it. No argument is made on these objections to the specific instructions, but only the most general allegations of error. Under such circumstances, we have held that this court will not examine the record in search of prejudicial errors not clearly pointed out in the brief, since it is the duty of counsel to support the assertions with

argument and citation of authority where possible. See Ferguson v. Union National Bank, 23 Okla. 37, 99 P. 641.

Judgment affirmed.

WELCH, PHELPS, GIBSON, and HURST, JJ., concur.