## McCLELLAN et al. v. PALMER.

No. 28467.   Dec. 6, 1938.

Rehearing Denied Jan. 17, 1939.

Arrington & Miller, for plaintiffs in error.

Randall Pitman, for defendant in error.

PER CURIAM. Defendant in error, hereinafter referred to as plaintiff, instituted this action in the district court of Pottawatomie county against the plaintiffs in error, hereinafter referred to as defendants. to recover an alleged balance due under an oral contract of employment.

The plaintiff alleged, in substance, that he had made a trip to California and had procured a certain oil and gas lease for the defendants; that they had agreed to defray the expenses of said trip and to give the plaintiff one-fourth of the amount for which said lease should be sold in payment for his services in procuring it; that the defendants had sold the lease for $8.000, and that thereupon he became entitled to the sum of $2,000; that the defendants had paid the expenses of said trip and had paid to the plaintiff the sum of $288.38, and had refused to pay him any more, and that under the contract there remained a balance due him in the sum of $1,711.62, for which he prayed judgment. The defendants, by their several answers, denied that they had ever entered into the contract pleaded by the plaintiff, but averred that they had employed the plaintiff under an oral contract whereby he was to be paid his expenses and the sum of $300 for his services in procuring said lease. Defendants further alleged that they had paid in full all sums which they had agreed to pay under the contract between the parties, and therefore they denied any and all liability to the plaintiff. The plaintiff by his reply denied all of the allegations made by the defendants. The action, being one at law, was tried to a jury. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the full sum claimed by him in his petition. Motion of defendants for a new trial was overruled and denied and they have appealed the cause to this court.

The sole assignment of error made by the defendants is "error in the assessment of the amount of recovery in that the same was excessive." Under this assignment the defendants advance two propositions, which in substance are: That damages awarded for breach of contract must be such as were in the contemplation of the parties at the time the contract was entered into and that a jury may not disregard uncontradicted and unimpeached testimony in arriving at its verdict. While the contentions so made are unobjectionable as abstract principles of law, they are inapplicable to the situation here presented. Under the contentions advanced by the defendants, they seek to present a new and different theory to that on which the case was presented and tried in the lower court. The issue presented to the trial court was not, as the defendants now seek to contend, whether the plaintiff under the contract as pleaded by him was to receive one-fourth of the sale price of the lease or one-fourth of the net profits derived from the sale of such lease, but rather whether the contract between the parties was as pleaded by the plaintiff or as pleaded by the defendants. If the contract was as contended for by the plaintiff, then he was entitled to one-fourth of the sum for which the lease was sold, and it mattered not what profit, if any, the defendants had made on the transaction. On the other hand, if the contract was as pleaded by the defendants, it was likewise immaterial whether the defendants had made any profit on the transaction, since according to the contract as pleaded by them the plaintiff had been fully paid. The uncontradicted evidence which the defendants now urge was con-

trolling upon the jury merely went to prove the fact that the defendants had to expend a considerable sum in acquiring the lease and in making the sale and that therefore the defendants did not realize but a certain amount of profit from the transaction. As we have pointed out, this was immaterial under the pleadings and the issue which the jury was called upon to decide. The competent evidence upon the issue which the jury was called upon to determine was in conflict and the jury by its verdict resolved this conflict in favor of the plaintiff. The contentions advanced by the defendants do nothing more than to attempt to raise a new and different theory in this court and to obtain a review on that basis. This court has repeatedly stated that it will not permit such action and will not entertain theories so advanced. See Sandlin v. Pharoah, 182 Okla. 442, 78 P.2d 284; Plains Pet. Co. v. Hatcher, 177 Okla. 22, 57 P.2d 599; Cook v. Southwest Pet. Co., 177 Okla. 458, 61 P.2d 16.

As pointed out above, the verdict of the jury is supported by competent evidence shown in the record, and therefore is conclusive on all disputed questions of fact. As said in the case of Freed Furniture Co. v. Criterion Adv. Co., 171 Okla. 92, 42 P.2d 123:

"In a law action, the verdict of the jury is conclusive as to all disputed facts, and to all conflicting statements; and, where there is any competent evidence reasonably tending to support the verdict of the jury, this court will not invade the province of the jury and will not disturb the verdict of the jury."

To the same effect, see Oklaken Oil Co. v. Garrett, 171 Okla. 111, 42 P.2d 114; Boswell v. Simpson, 182 Okla. 84, 76 P.2d 266; Boswell v. Shawnee Production Credit Ass'n, 182 Okla. 302, 77 P.2d 740.

Since the contentions advanced by the defendants may not be reviewed and no error is presented, the verdict and judgment will not be disturbed.

Affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur. OSBORN, C. J., dissents. GIBSON and DAVISON, JJ., absent. DANNER, J., not participating.