## MALERNEE v. BLAYLOCK.

No. 28077. Jan. 24, 1939.

Rehearing Denied July 11, 1939.

384

Billingsley & Kennerly and Hudson & Hudson, for plaintiff in error.

Allen G. Nichols, A. C. Kidd, and Gomer Smith (Nelson Rosen, of counsel), for defendant in error.

WELCH, V. C. J. The parties will be referred to as they appeared in the trial court, where R. N. Blaylock, defendant in error, was plaintiff, and D. B. Malernee, plaintiff in error, was defendant.

On August 28, 1935, the defendant was engaged in drilling a well in search of oil. In the afternoon of that day the plaintiff came upon the premises where the well was located and remained a short while. During the time, the defendant expressed a need for certain electric lighting equipment in the operation of the well. The plaintiff returned to the nearby town, obtained the electric light bulbs and wire, and thereafter returned to the premises, after dark, where he assisted in preparing an extension cord, for which he was paid by the defendant. The well was situated in a low place. Gas had been encountered and had escaped from the well and settled in and around the rig. After plaintiff had finished the work on the extension cord, he struck a match and threw it to the ground; immediately there followed a gas explosion. The plaintiff received certain burns and injuries for which he sued in this action.

The cause was tried to a jury and a verdict returned for the plaintiff. From the judgment rendered in favor of the plaintiff, the defendant appeals, and presents the following specifications of error:

(1) That the court erred in overruling the defendant's demurrer to the plaintiff's evidence.

(2) That the court erred in overruling the defendant's motion for directed verdict at the conclusion of all of the evidence.

The defendant's argument is based upon the premise that the failure of the defendant to warn the plaintiff of the existence of escaping gas was the only ground upon which plaintiff sought to recover.

That the relationship of invitor and invitee existed between the parties is undisputed. Our attention is directed to the rule as announced by this court in the case of City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, where in the third paragraph of the syllabus it was said:

"The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care."

It is contended that the plaintiff knew that gas was escaping from the well and knew of the danger of striking a match near the escaping gas, or if plaintiff did not actually know of the escaping gas, the danger of escaping gas was so open and obvious that he will be presumed in law to have known it.

The plaintiff testified that he did not know of the presence of escaped or escaping gas before the explosion. A witness for the plaintiff testified that during the day the well flowed gas of such quality and quantity that a man on the derrick floor could see it coming out of the well. The same witness testified that no lights were on the derrick and the gas could not be seen that night. He testified further that the crew was cutting and removing the electric wiring from the rig as a precaution against a gas fire when the plaintiff came upon the premises in the afternoon. This witness and another witness called by the plaintiff testified that following his return to the premises after dark the plaintiff assisted in the preparation of new wiring and that the new wiring was being prepared as a safety factor. These witnesses, and others, testified that it had long been the custom and practice in the oil fields and in the area where this well was located to post warnings about the premises and erect barriers at the approaches to the premises when gas was escaping or present thereon, and that on these premises there were no warnings of the presence of gas by posting notices or by the erection of barriers.

The plaintiff testified that he did not go

on the floor of the rig in the afternoon and saw nothing to indicate the well was making gas; that the defendant, nor anyone at any time, gave any warning or suggestion of the fact that the well was or had been making gas; that there were no signs or warnings posted on the premises to show there was gas. That when he came out the second time the rig was dark and he could not see any gas escaping from the well; that he did not smell gas; that he received no warning during his second visit; that he had understood they were preparing to bring the well in and were making preparations to protect against gas they expected to encounter.

The defendant in his brief recognizes the positive character of the plaintiff's testimony, but argues that his statements are so improbable as to be worthy of no consideration. It is urged that, under the testimony of other witnesses, the gas was visible, and the other surrounding circumstances as shown by the testimony, the plaintiff was bound to observe the escaping gas and bound to comprehend and appreciate the danger incident thereto.

Whether he knew the danger incident to escaping gas is unimportant unless he knew of the escaping gas.

The fact that the gas could be seen coming from the well during the daylight hours by persons up near the well raises a reasonable probability that the plaintiff saw the gas, but does not render his statement that he did not see or know of the presence of the gas incredible. He was there that afternoon a very short time and was engaged in conversation a part of the time with the defendant, on the ground away from the rig, and the testimony shows that the gas flow was irregular. Under such circumstances a rational mind might believe his statement. Generally, the credibility of witnesses and the weight of their testimony is for the jury and courts are not authorized to reject testimony and refuse to submit it on the ground that the facts stated are improbable or at variance with other testimony.

In the case of Louisville & N. R. Co. v. Quinn, 219 S. W. 789, the Kentucky Court of Appeals held:

"It is only where the facts testified to are utterly at variance with recognized physical laws, and therefore inherently impossible, that the courts may refuse to submit the case to the jury."

In Chicago City Ry. Co. v. Hagenback, 228 Ill. 290, 81 N. E. 1014, in the first paragraph of the syllabus the Illinois court held:

"Where there was evidence which was not incredible, but merely inconsistent with reasonable probabilities, and the circumstances were such that it might be believed by a jury, it required the submission of the question to the jury."

In the case of E. S. Billington Lumber Co. et al. v. Cheatham, 181 Okla. 402, 74 P.2d 120, in the fourth paragraph of the syllabus, this court held:

"Although an invitee assumes all normal, ordinary, and obvious risks attendant upon the use of premises, the owner thereof who knows, or in the exercise of reasonable care should know, of their dangerous and unsafe condition owes to such invitee a duty to warn him of the danger where the peril is hidden, latent, or concealed or the invitee is without knowledge thereof."

In the body of the opinion, with reference to the invitee, the court said:

"Whether by the exercise of reasonable care he should have observed the unusual danger, and whether he was warned, were questions for the jury."

Upon demurrer the probabilities of untruth must be disregarded, and unless the facts testified to are utterly at variance with recognized physical laws, and therefore inherently impossible, they must be taken as true and considered in the most favorable light. With plaintiff's evidence taken as true, a right of recovery was shown under the rule as announced in Billington Lbr. Co. et al. v. Cheatham, supra. The defendant's demurrer was properly overruled.

In the consideration of defendant's motion for a directed verdict, as of the demurrer, all of plaintiff's evidence must be taken as true and considered in the most favorable light.

In Chicago, R. I. & P. Ry. Co. v. Newburn, 39 Okla. 704, 136 P. 174, this court said:

"In order to determine whether there is any evidence in the record reasonably tending to support the verdict, it is the duty of the court to treat all of the evidence offered by the plaintiff as true and treat all the evidence offered by the defendant in conflict as having been rejected, and when all the evidence supporting the verdict, taken together and given all the presumptions and deductions to which it is reasonably susceptible, is sufficient, the verdict will be allowed to stand, notwithstanding the countervailing evidence in the record would have been sufficient to have sustained a verdict for the other party."

In his second specification of error the defendant contends that the evidence in the case is insufficient to support a verdict in favor of the plaintiff. It is urged that there was no evidence entitled to the least credit in support of the verdict. The argument is in effect an attack upon the credibility of a witness, the plaintiff.

In Adams v. Coon, 36 Okla. 644, 129 P. 851, this court in the third paragraph of the syllabus held:

"Where issues of fact are presented by the pleadings and supported by evidence, and the facts are disputed, or the credibility of witnesses is drawn in question, or a material fact is left in doubt, or there are inferences to be drawn from the facts proven, the case, under proper instructions, should be submitted to the jury; and it is reversible error in such case to sustain a motion to direct a verdict."

We note that the issue of whether the plaintiff knew of the escaping gas was presented to the jury in instruction No. 9½ in the following clear language:

"You are told that if you find from the evidence that the plaintiff knew of the escaping gas and of the dangers incident thereto, he cannot recover and your verdict should be for the defendant upon plaintiff's cause of action."

The testimony of the plaintiff was directly in point on this question and sufficient to support a recovery by him. Although much countervailing evidence was offered in behalf of the defendant, and which evidence may have been sufficient to have supported a verdict for the defendant, it is not our province to weigh the evidence.

As said by this court in Mudge Oil Co. v. Swanson, 176 Okla. 13, 54 P.2d 345:

"A judgment supported by the testimony of one or more witnesses will be sustained notwithstanding several other witnesses testify to the contrary on a material point, as this court will not weigh evidence against conflicting evidence."

In plaintiff's brief our attention is directed to an allegation in plaintiff's petition that the defendant was negligent in permitting the gas to escape and to the evidence tending to support the allegation. It is urged that there was sufficient evidence to sustain the verdict of the jury on the ground that the defendant failed to exercise ordinary care for the safety of the plaintiff in failing to prevent the escape of the gas. In view of our determination of the proposition submitted by the defendant, this counter proposition need not be considered.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, HURST, and DAVISON, JJ., concur. GIBSON and DANNER, JJ., dissent.