## OKLAHOMA CITY v. HEAD.

No. 28711. May 2, 1939.

A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Assistant Municipal Counselor, both of Oklahoma City, for plaintiff in error.

C. G. Ozmun and L. M. Gensman, both of Lawton, for defendant in error.

HURST, J. Plaintiff Head sued Oklahoma City for personal injuries he sustained when the car in which he was riding as a passenger was struck at a street intersection by a car owned by Oklahoma City and being driven by Melvin Leonard, an employee in the street department. The jury returned a verdict for the plaintiff, on which judgment was entered. The city appeals, contending that its demurrer to plaintiff's evidence and its motion for a directed verdict should have been sustained. It argues that the evidence was not sufficient to sustain the judgment (1) because Leonard was at the time of the accident driving the car without authority, not in the scope of his employment, and in violation of express orders, and that he had deviated from the authority granted and was on an independent mission of his own, and (2) because there was not sufficient evidence to show actionable negligence on the part of Leonard.

We have carefully read the record and are of the opinion that there is competent evidence reasonably tending to support the verdict and judgment on both questions. On the first proposition the evidence is that Leonard was authorized by his superior officer to keep the car at his residence so he could be immediately available in case of emergency caused by streets getting out of repair; that he was in fact called, just before the accident, to investigate a defect in the street, and after making the investigation and while taking the city car to a fellow employee, who was to assume part of the duties he had been discharging, the accident occurred, and he was at the time on no mission of his own. To offset this evidence the city introduced evidence tending to show that Leonard had the car contrary to instructions and it was no part of his duties to repair the particular street defect. These theories were properly submitted to the jury and no complaint is made of the instructions.

On the question of actionable negligence the evidence is that as plaintiff's car was entering the intersection the city car was some 150 or 200 feet away coming at a speed of 35 to 40 miles per hour. The evidence is sufficient to justify an inference that Leonard was driving at an excessive rate of speed and was not keeping a proper lookout, and that plaintiff's car had the right of way. These were the acts of negligence charged in the petition.

There being competent evidence reasonably tending to establish actionable negligence on the part of Leonard, and that he was acting for the city and within the scope of his employment at the time of the accident, we are not at liberty to disturb the verdict. Boswell v. Shawnee Production Credit Ass'n (1938) 182 Okla. 302, 77 P.2d 740; Jackson v. Hedlund (1932) 157 Okla. 14, 10 P.2d 385.

Judgment affirmed.

WELCH, V. C. J., and RILEY, OSBORN, and CORN, JJ., concur.