### DENHAM v. HILL.

No. 29862. Jan. 14, 1941.

*109 P. 2d 491.*

Fred P. Schonwald, of Oklahoma City, for plaintiff in error.

Hugh M. Bland, of Oklahoma City, for defendant in error.

PER CURIAM. Defendant in error, hereinafter referred to as plaintiff, instituted this action against the plaintiff in error, hereinafter referred to as defendant, to recover damages alleged to have been sustained as a result of a personal injury.

The plaintiff in his petition alleged, in substance, the relationship of master and servant; an accidental injury as the result of the failure of the defendant to furnish plaintiff with a reasonably safe place in which to work and reasonably safe tools with which to perform his work and a resulting permanent disability. Answer of the defendant was a general and specific denial coupled with a plea of contributory negligence. Upon the issues thus framed, trial was had to a jury. The jury returned a verdict in favor of plaintiff and assessed his recovery at the sum of $500. Judgment followed the verdict. Motion for new trial was overruled, and defendant has perfected this appeal. As grounds for reversal of said judgment, the defendant advances the following propositions:

"I. A servant assumes all of the ordinary risks of his employment, which are known to him or which could have been known by the exercise of ordinary care.

"II. (a) Where a physician called as an expert witness in a personal injury case, after making a physical examination of the injured party, gives his opinion based partially upon the history of the case as related to him by the injured party, such expert evidence is inadmissible.

"II. (b) The testimony of a physician as to the condition, and particularly the permanency of the injury and the permanent disability of the injured party must be based upon injuries sustained and caused by the accident, and where on cross-examination the physi-

cian admits that he based his findings on a previous condition or injury as well as the injuries caused by the accident, upon motion this testimony of the physician should be stricken."

Under the first proposition the defendant advances a new and different theory from that which was presented to the trial court. The issue there was whether the injury of plaintiff had been caused by primary negligence of the defendant or contributory negligence of the plaintiff. The theory of assumption of risk was not raised by the pleadings or the evidence. This court is committed to the rule that it will not entertain on appeal a new and different theory from that presented to the trial court. See Sandlin v. Pharoah, 182 Okla. 442, 78 P. 2d 284; Plains Petroleum Co. v. Hatcher, 177 Okla. 22, 57 P. 2d 599; Cooke v. Southwest Petroleum Co., 177 Okla. 458, 61 P. 2d 16.

The remaining contentions of the defendant involve abstract principles of law which have no application to the facts as shown by the record, since it appears therefrom that the medical witness who appeared for the plaintiff was not permitted to testify with respect to the nature and extent of plaintiff's injury. The evidence on this question was supplied by the physician who treated the plaintiff immediately after his injury and who appeared as a witness for the defendant. Under these circumstances we deem it unnecessary to discuss the proposition or the cases cited in connection therewith.

The evidence upon the issue upon which the cause was tried was in conflict, and this issue was submitted to the jury upon full and correct instructions to which no objections or exceptions were taken or saved. The jury by its verdict resolved the conflict in the evidence in favor of plaintiff. The action being one at law, such verdict is conclusive. See McClellan v. Palmer, 184 Okla. 216, 86 P. 2d 325. The record shows that the cause was fairly tried upon instructions fundamentally correct, and no complaint is made that the verdict is in any manner excessive, therefore this court will not disturb the same.

In accordance with the request of plaintiff, he is hereby given judgment against the sureties upon the supersedeas bond given on this appeal, execution thereon to issue out of the district court of Oklahoma county.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and BAYLESS, GIBSON, and DAVISON, JJ., concur.