## JOY v. LITCHFIELD.

No. 29896. May 13, 1941.

Rehearing Denied June 10, 1941.

*113 P. 2d 974.*

Bailey & Hammerly, of Chickasha, for plaintiff in error.

Hatcher & Bond, of Chickasha, for defendant in error.

PER CURIAM. Defendant in error, hereinafter referred to as plaintiff, instituted this action against the plaintiff

in error, hereinafter referred to as defendant, to recover a balance of salary alleged to be due under the terms of an oral contract of employment.

The plaintiff in error alleged that he had been employed by the defendant on January 13, 1934, as general manager of certain cotton compresses located in the cities of Chickasha, Altus, and Frederick, at an agreed salary of $5,000 per year; that he had performed the duties required of him under said contract from January 24, 1934, to June 1, 1937, inclusive, and that there remained a balance due him under said contract in the sum of $4,359.50, which the defendant had refused to pay and for which plaintiff prayed judgment. The defendant admitted that the plaintiff had been employed under an oral contract at about the date alleged and had performed the services required under said contract for the time alleged, but denied that there had ever been any agreement relative to the amount of salary which the plaintiff was to receive for his services; and alleged further that, on October 16, 1934, the plaintiff had written the defendant a letter wherein he had agreed to accept such salary as the defendant should see fit to fix, and that the plaintiff was therefore not entitled to more than $3,000 per year for his services, which was the reasonable value thereof, and by cross-petition prayed judgment for the excess salary which had been paid to the plaintiff. The allegations of the answer were put in issue by reply. Upon the issues thus framed the cause was tried to a jury. The evidence upon all material issues except the amount of salary which the plaintiff was to receive was in accord. The contention of the plaintiff that his salary had been fixed at the sum of $5,000 per year was supported by his testimony and the testimony of a number of other witnesses, including that of a son of the defendant and of a bookkeeper and of a former attorney of the defendant, and also by admission in a letter written by the defendant to the plaintiff on February 6, 1937, where-

in, in response to a request by the plaintiff for the payment of a claimed balance of $6,305, accrued and unpaid salary, the defendant remitted $3,305 to apply thereon, admitted the correctness of the claim made by the plaintiff and called the plaintiff's attention to the fact that in a letter of October 16, 1934, the plaintiff had suggested his willingness to accept a reduction in salary, and that the defendant had then declined to take advantage of such offer, and which concluded with the suggestion that for a period of time the plaintiff's salary should be reduced to the sum of $3,000 per year. The sole evidence to the contrary was the testimony of the defendant wherein he categorically denied that there had ever been any definite arrangement made with reference to the salary which the plaintiff should receive. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the full amount claimed by him in his petition. Judgment followed the verdict. Motion for new trial was overruled, and defendant has perfected this appeal.

The defendant as grounds for reversal makes three contentions, which may be summarized thus: First, the deposition of an incompetent witness was improperly admitted; second, the verdict and judgment are contrary to the weight of the evidence; and, third, the jury was not properly instructed upon the theory which the defendant advanced in his answer and cross-petition.

The predicate for the first contention rests upon the admission, over the objection of the defendant, of the deposition of one J. W. Chancellor, who testified that he was an attorney for the defendant in January, 1934, and that he was present when the defendant employed the plaintiff and heard the defendant tell the plaintiff that his salary would be $5,000 per year. It does not appear that this communication was one which came to the witness in his capacity as attorney for the defendant. Under these circumstances, neither the statutory inhibition, section 272, subd. 4,

O. S. 1931, 12 Okla. St. Ann. § 385, subd. 4, nor the rule announced in Wolverine Oil Co. v. Parks, 79 Okla. 318, 193 P. 624; and Raymer v. Comley Lumber Co., 169 Okla. 576, 38 P. 2d 8, is applicable. On the contrary, the rule announced in Howsley v. Clark, 167 Okla. 371, 29 P. 2d 947, fits the present situation. Therein we said:

"In order to render an attorney incompetent to testify concerning transactions with or for, or communications from or to, his client, the transaction or communication must be confidential and so regarded by the client. Statements made in the presence of, or transactions with, an adverse party cannot be considered as confidential and are not privileged, and any person present, or the attorney, may be called as a witness with respect thereto."

The next contention of the defendant is based upon the theory that the letter of October 16, 1934, from the plaintiff to the defendant constituted a new contract between the parties and gave the defendant authority from that date to fix the salary of the plaintiff at such sum as the defendant should decide was just. This contention, however, was eliminated from consideration by the admission of the defendant contained in his letter of February 6, 1937, wherein, after calling the plaintiff's attention to the letter of October 16, 1934, he stated that he had declined to take advantage of such offer on the part of the plaintiff when made and had permitted the plaintiff's salary to remain at its previous figure, and further admitted that plaintiff had then due him the sum of $6,305 for salary which was unpaid, and in the same letter remitted the sum of $3,305 to apply thereon so as to leave the balance at an even figure, and then suggested for the first time that a reduction of salary on the part of the plaintiff should be effective until business conditions would justify a different arrangement. Under the defendant's own admission the theory for which he was contending was eliminated from consideration, and there was left only the question of whether the original contract between the parties provided for any definite salary. The evidence, as heretofore pointed out, was in dispute upon this issue and the jury by its verdict resolved the dispute in favor of the plaintiff. The verdict so rendered finds ample and even conclusive support in the evidence shown in the record. Under such circumstances, this court will not disturb the verdict and judgment. Harjo v. Hall, 183 Okla. 15, 79 P. 2d 586; Oklahoma City v. Head, 185 Okla. 33, 90 P. 2d 395; McClellan v. Palmer, 184 Okla. 216, 86 P. 2d 325; Malernee v. Blaylock, 185 Okla. 383, 92 P. 2d 354; Cities Service Gas Co. v. Eggers, 186 Okla. 466, 98 P. 2d 1114, 126 A. L. R. 1278.

The defendant contends finally that the jury was not properly instructed upon the issues involved, and in this connection he makes no complaint of any vice in the instructions given, but urges that the theory raised in his answer and cross-petition of a new contract between the parties arising out of the letter of October 16, 1934, should have been submitted to the jury, and cites in support of this contention Lacy v. Wozencraft, 188 Okla. 19, 105 P. 2d 781; and Riser v. Herr, 187 Okla. 211, 102 P. 2d 178, which are authority for the rule that it is the duty of the court to instruct the jury upon all the vital features of the tenable legal theories of both litigants covering the issues of fact involved. It is apparent, however, that the foregoing authorities have no application to the situation which is here presented. The defendant not having any evidence in support thereof, but having confined his evidence to the question of whether the original contract ever contained any express provision relative to salary, in such case the court was not required to give an instruction upon the theory, since it did not cover any vital feature involved. Boswell v. Simpson, 182 Okla. 84, 76 P. 2d 266.

We have examined the instructions, and they appear to be fundamentally correct and to cover the issues which the jury was properly called upon to determine, and the record contains evi-

dence which amply supports the verdict rendered, and therefore the same is conclusive upon all disputed issues of fact and will not be disturbed by this court.

Plaintiff has requested judgment upon supersedeas bond given on this appeal, and there appearing no good reason why this request should not be granted, judgment is hereby rendered in favor of plaintiff against the sureties upon said bond.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and BAYLESS, HURST, and ARNOLD, JJ., concur.