**George A. PORTER, Plaintiff in Error,**

v.

**M. C. MANES, Jr., Defendant in Error.**

**No. 38406.**

Supreme Court of Oklahoma.

Nov. 24, 1959.

T. Austin Gavin, Tulsa, for plaintiff in error.

Rucker, Tabor & Cox, Jean Charles Smith, Tulsa, for defendant in error.

IRWIN, Justice.

This is an action to recover damages to an automobile occasioned by a collision with another automobile. Trial was had to a jury resulting in a verdict and judgment for plaintiff. After motion for new trial was overruled, defendant perfected this appeal. The parties will be referred to by their trial court designation.

### Pleadings

Plaintiff alleged he was driving east on a highway in Tulsa County, and defendant was driving west on the same highway; that defendant negligently made a left turn in front of him and collided into plaintiff's automobile; that as result of defendant's negligence, plaintiff's automobile was damaged and the reasonable cost of repair was $550.47.

Defendant answered by general denial and specifically denied he negligently made a left turn and that the collision was the result of any negligence on his part and alleged contributory negligence on the part of plaintiff in driving at a speed in excess of that which was at that time safe. By way of cross petition, defendant alleged plaintiff was guilty of negligence in failing to exercise the care and caution a reasonably prudent operator would have exercised and in failing to keep a proper look out for other vehicles as a reasonably prudent operator would have under like or similar conditions and in driving his automobile at a rate of speed in excess of that which was proper and safe under existing conditions and by reason of the negligence of the plaintiff, he was damaged in the sum of $105.

### Evidence

Plaintiff testified he was driving between 55 and 60 miles per hour on a four lane highway which was straight and in flat country; that defendant was approaching from the opposite direction; that defendant slowed up or might have stopped and then made a left turn without giving a signal; that he applied his brakes and cut to the right, skidded and slid into the side of defendant's car; that the front part of defendant's car had crossed over the center line of the two lanes of traffic on plaintiff's side when the cars collided; that oncoming traffic prevented plaintiff from going around defendant on the left side; that the resulting damages amounted to $550.47.

On cross examination plaintiff testified in answer to two questions by defendant's attorney that he had not been reimbursed for his damages and "I got my car fixed, but I didn't collect my part—my expenses." Objection was made after plaintiff answered the questions relating to reimbursement. The attorney for defendant then offered to prove that plaintiff, if permitted to answer under further examination, would testify he had been reimbursed for the damages he seeks to recover. The trial court denied the offer and admonished the

jury to disregard the questions and answers relative thereto.

A highway patrolman testified he got to the scene about thirty minutes after the accident; that the point of impact was in plaintiff's lane of traffic; that skid marks of plaintiff's car commenced 57 feet from point of impact and he estimated the speed of plaintiff's car before the brakes were applied to be 60 miles per hour.

Defendant testified he stopped at the intersection and looked for approaching traffic; two cars passed going east and the road looked clear so he started to make a turn; that he could see ahead approximately a half or a quarter of a mile; that he was nearly across the highway when he saw plaintiff's car for the first time about 100 feet down the road; that he noticed the front end of plaintiff's car making a downward plunge and it looked like something happened to it, so he stopped; that he saw plaintiff's car make a short arch and weave and his right wheels go up in the air; that the plaintiff was traveling well over 80 miles per hour; and he saw the back end of the car coming around and started coming toward him and all at once hit him; at time of impact, he was parked on the south side of the highway watching plaintiff's car.

Two of defendant's witnesses testified they saw the defendant stop at the intersection, make the left hand turn and stop on the side of the highway off the pavement and saw plaintiff's car hit defendant's parked car.

### Contentions

The defendant contends the trial court erred in excluding from consideration of the jury proffered evidence that plaintiff had been reimbursed for the damages he seeks to recover; and, the verdict of the jury and the judgment rendered thereon are contrary to the evidence.

### Conclusions

■ We will first consider the trial court excluding from consideration of the jury the proffered evidence that plaintiff had been reimbursed for his damages. De-

fendant did not plead that he had paid plaintiff nor did he plead payment had been made by a third person for and in his behalf. Payment, being an affirmative defense must be pleaded before it can be asserted as a defense. Eysenbach v. Robert W. Hunt Co., 140 Okl. 138, 282 P. 295; Ingram v. Oklahoma National Bank of Clinton, 176 Okl. 544, 56 P.2d 406; and Jones v. Cabaniss, 185 Okl. 175, 91 P.2d 83. Since plaintiff did not plead nor offer to prove that he, or someone in his behalf, reimbursed plaintiff, we can only conclude that if plaintiff received reimbursement for the damages sustained, which he denied, that such reimbursement was from a collateral source, wholly independent of the defendant and not in his behalf.

■ If reimbursement had been made to plaintiff, as contained in the proffered proof of defendant, from a collateral source, wholly independent of and not in behalf of defendant, this reimbursement could not inure to the benefit of defendant, nor lessen the damage recoverable from him and evidence of the reimbursement is inadmissible. Denco Bus Lines v. Hargis, 204 Okl. 339, 229 P.2d 560; Huey v. Stephens, Okl., 275 P.2d 254. We therefore hold the trial court did not commit reversible error in excluding from consideration of the jury, defendant's proffered evidence that plaintiff had been reimbursed for his damages.

■ In determining defendant's contention that the verdict of the jury and the judgment entered thereon are contrary to the evidence, we have repeatedly held a judgment of the trial court entered on the verdict of the jury will not be reversed on appeal in this court for insufficiency of evidence, if there is any evidence reasonably tending to support the verdict. McClellan v. Palmer, 184 Okl. 216, 86 P.2d 325; Stanley v. Sweet, 202 Okl. 448, 214 P.2d 906; Jordan v. Johnson, Okl., 315 P.2d 234.

■ We have examined the record and we find there is competent evidence reasonably tending to support the verdict of the jury and the judgment entered thereon.

Judgment affirmed.