Letta WILSON, Adah Wilson, Addie Wilson and Beecher Wilson, Plaintiffs in Error,

v.

Delbert SHERMAN, Defendant in Error.

No. 42266.

Supreme Court of Oklahoma.

Nov. 25, 1969.

George & Kenan, Oklahoma City, for plaintiffs in error.

Dennis H. Petty, Dick A. Blakeley, Coalgate, for defendant in error.

LAVENDER, Justice.

This appeal arises out of an action by the defendant in error, Delbert Sherman (hereinafter called plaintiff) against the plaintiffs in error (three of whom are sisters, with the fourth one, Beecher Wilson, being their brother), jointly and severally, on four causes of action for actual damages in the sum of $987.50 and for exemplary damages in the amount of $300.00 in one of those causes of action and in the amount of $50.00 in another one. The cause was tried to a jury and resulted in a verdict for the plaintiff for $675.00 actual damages and $150.00 exemplary damages, for a total of $825.00. Judgment was rendered thereon, in favor of the plaintiff and against the defendants, in that amount, with interest from the date of the judgment and costs.

The allegations of the plaintiff's petition which were common to all four causes of action were that, by oral agreement with one David Imo who held a valid surface lease on a described quarter of a quarter-section of land in Coal County, Oklahoma, plaintiff sub-leased, for the calendar year 1963, all of that 40-acre tract except approximately one and one-half acres upon which a house and barn and garden plot, all under separate fence, were located. Plaintiff further alleged that his sub-leased 38½ acres included approximately five acres of grass under separate fence, adjoining the excepted one and one-half acre plot; that he took possession under his sub-lease, and remained in possession and actual use, of the entire 38½-acre tract for grazing purposes, until the early part of October, 1963. He alleged that at that time the defendants took possession of the excepted one and one-half acre plot, and commenced a course of harassment of the plaintiff and his livestock, particularly the livestock he kept in the separately fenced five-acre pasture, which forced him out of the actual use of the five-acre pasture for the balance of the year, and caused all of the damages complained of in his four causes of action.

His first cause of action was for $150.00 damages resulting from the unlawful distraint of three horses and a mule which plaintiff had grazing in the five-acre tract; his second cause of action was for $135.00 in triple damages for loss of use of the five-acre tract for three months; his third cause of action was for a total of $602.50 in actual damages, and $300.00 in exemplary damages, for malicious injury to a trained cutting horse; and his fourth cause of action was for $100.00 actual damages, and $50.00 exemplary damages, for malicious conduct in opening gates and leaving them open to permit plaintiff's livestock to leave his premises and run at large, forcibly driving and

exciting his livestock and "chunking" stones or clods at his livestock, and making complaints to the owner of the 40-acre tract, or his agent, concerning the plaintiff, in an effort to harass, worry, annoy, plague and pester the plaintiff into abandoning his rights under his sub-lease.

The only pleading filed upon behalf of the defendants was an answer which was limited to a general denial of the allegations of the petition.

At the close of the plaintiff's case, the attorney for the defendants moved the court to dismiss Beecher Wilson (the brother) as a party-defendant, for the reason that there was no evidence whatsoever to connect him with any damages claimed by the plaintiff. That motion was overruled. Whereupon the defendants and each of them, through their attorney, demurred to the plaintiff's evidence, and asked the court to direct a verdict for the defendants upon the ground of insufficiency of the evidence to sustain a verdict for the plaintiff and against any of the defendants. The trial court overruled the demurrer and motion.

After examining two witnesses (one of whom was one of the three sisters involved as defendant), the defendants' attorney announced that they rested, and the plaintiff's attorney made a similar announcement. The cause was then submitted to the jury, without any question concerning the sufficiency of the evidence being raised by the defendants' attorney, and without any exception being taken by either side to any of the court's instructions to the jury.

In fairness to defendants' attorneys who appear in this court, we point out that they did not represent the defendants in the trial court.

■ One of the four propositions advanced by the defendants in this court (their second proposition) is that the trial court erred in ruling inadmissible two cancelled checks "offered" in evidence by the defendants. The transcript of the proceedings on the trial does not indicate that either check was offered in evidence, and copies thereof are not included in the transcript. The defendants' brief, as well as a statement made by the trial court at the time of sustaining the plaintiff's objections to the introduction of these checks, indicates that one of them bore the notation "For butane system and furniture," and the other one bore the notation "For possession till January 1, 1964," and the defendants' brief states that both checks were drawn on a joint account of the three sisters and were payable to Mrs. J. D. Imoe. The case-made discloses that the trial court's order for a pre-trial conference on a certain date provided, among other things, that counsel produce at the conference, for identification, examination and discussion, all exhibits which they intend to offer in evidence at the trial, and that, unless an exhibit has been so identified, it shall not later be offered in evidence at the trial, except for good cause shown. Counsel for the defendants appeared at the pre-trial conference, but did not produce any exhibits for identification, examination and discussion. When defendants' attorney, during his interrogation of the sister who testified in the case, had the court reporter mark the two checks as defendants' exhibits, the plaintiff's attorney immediately objected to their introduction, upon the grounds that they were incompetent, irrelevant and immaterial to the issues in the case, and that they had not been produced at the pre-trial conference as required by the order of the court. No attempt was made to show why the checks were not produced at the pre-trial conference, and the trial court sustained the plaintiff's objections, upon both grounds raised by the plaintiff. Clearly, the check for "butane system and furniture" was immaterial to any issue in the case, and the defendants' attorney did not attempt, in any way to connect the other check (which did not mention any specific property) with any issue in the case. This proposition is without merit.

■ It appears that the defendants' first and fourth propositions are, in essence, the same except that the fourth proposition involves all four of the defendants and the first proposition involves only the brother, Beecher Wilson. Their fourth proposition is to the effect that the trial court erred in not directing a verdict for the defendants even though, after their demurrer to the plaintiff's evidence had been overruled, they proceeded to present some evidence and failed, at the close of all of the evidence, to renew their demurrer or to move for a directed verdict, upon the ground there was not sufficient evidence to sustain a verdict against the defendants. They concede that, in Barnsdall Oil Co. v. Ricks (1935), 175 Okl. 478, 53 P.2d 210, this court held that in such a procedural situation the error, if any, in overruling the demurrer to the plaintiff's evidence is not reviewable, and, in that case and in Plains Petroleum Corporation v. Hatcher (1936), 177 Okl. 22, 57 P.2d 599, this court held that in such a procedural situation the defendant cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff. This court also held, in City of New Cordell v. Lowe et ux. (1963), Okl., 389 P.2d 103, that in such a procedural situation a question to the sufficiency of the evidence for submission to the jury is not preserved for review. They argue that, in the cases cited by them and similar cases, the defendant put on evidence of substance after the demurrer to the plaintiff's evidence had been overruled, but that in the present case the defendants' attorney presented no evidence of any substance, and none of the evidence presented by him had any material bearing upon any issue in the case. Without citing any authorities therefor, they argue that, for this reason, this court should treat the situation as though the defendants had offered no evidence whatsoever, and review the trial court's ruling on their motion, at the conclusion of the plaintiff's evidence, for a directed verdict in their favor.

While it is true that the evidence introduced upon behalf of the defendants would not controvert all of the evidence introduced upon behalf of the plaintiff concerning all four of his causes of action, one of the sisters testified that she and her two sisters, as a partnership, had an oral sublease from Mrs. Imoe covering approximately ten acres of the forty-acre tract, including the five-acre pasture mentioned in the plaintiff's petition (which, apparently, was supposed to justify anything that the plaintiff had testified they did concerning the five-acre pasture and his livestock thereon), and that their brother, Beecher Wilson, was not involved in the sub-lease (which, apparently, was intended to prove that he had no connection with any damages complained of by the plaintiff). In the circumstances, we cannot treat the situation as though the defendants had stood upon their demurrer to the plaintiff's evidence, or as though the defendants had, at the close of all of the evidence, renewed the motions, made at the close of the plaintiff's testimony, for a directed verdict in their favor and for dismissal of Beecher Wilson as a party-defendant. Either way, this court would have to consider questions as to the sufficiency of the evidence, and, under the above-cited and similar cases, no question as to the sufficiency of the evidence was preserved for review. The defendants' fourth proposition cannot be sustained.

The defendants' first proposition is to the effect that the trial court erred in rendering any judgment against the defendant, Beecher Wilson, on the verdict against all of the defendants because there was no evidence whatsoever to connect him with any wrong that may have been suffered by the plaintiff (the ground for the motion, made at the close of the plaintiff's evidence, to dismiss this defendant as a party to the action) and, therefore, the verdict against him is not supported by the evidence. Regardless of whether or not this defendant's separate motion to dismiss him as a party-defendant should be treated

as a separate demurrer to the plaintiff's evidence, we think that, in principle, what we have said concerning the defendants' fourth proposition (which involved this defendant as well as his three sisters) is applicable to this proposition. We find no merit in it as a separate proposition.

The defendants' remaining proposition (their third one) is that the trial court's action in overruling their motion for a new trial was arbitrary and capricious, and, therefore, should be reversed. Their argument is that, through no fault of their own, they were prevented from having a fair trial by failure on the part of their trial attorney to take the steps which were necessary to make the two checks mentioned in their second proposition eligible for admission as evidence of their sub-lease and to protect the record for an appeal to this court, as mentioned in their first and fourth propositions (all as shown by the record in the case), and to offer the testimony of the other two sisters and other witnesses who were present at the trial and ready to testify concerning matters about which the defendants had told their trial attorney prior to the trial.

■ While perhaps as an abstract proposition of law it may be possible to grant a new trial in civil litigation upon the ground that one of the parties was prevented from having a fair trial because of alleged negligence on the part of his attorney, we know of no such rule having been recognized in this, or any other jurisdiction for that matter. Defendants cite no cases. Furthermore, it would seem unfair and harsh to thus penalize the other side in the litigation by requiring him to again present his cause to another jury in a new trial. Even if we should assume negligence on the part of defendants' trial counsel (which we do not), we do not see this as a sufficient reason to reverse the judgment of the trial court in this proceeding. The judgment of the trial court denying the defendants' motion for new trial was not arbitrary or capricious.

Judgment affirmed.

IRWIN, C. J., BERRY, V. C. J. and WILLIAMS, BLACKBIRD, JACKSON, HODGES and McINERNEY, JJ., concur.